**In the Matter of F. Allen TEW, Jr.**

**No. 485S159.**

Supreme Court of Indiana.

Oct. 15, 1986.

Clarence H. Doninger, Indianapolis, for respondent.

William G. Hussman, Jr., Staff Atty., Indianapolis, for Ind. Supreme Court Disciplinary Com'n.

PER CURIAM.

The Disciplinary Commission of the Indiana Supreme Court and the Respondent, F. Allen Tew, Jr., have entered into and now tender for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline. The agreement emanates from a Verified Complaint for Disciplinary Action filed by the Commission charging the Respondent with violating Disciplinary Rules 1–102(A)(3), (4), (5) and (6) and 5–104(A) of the *Code of Professional Responsibility for Attorneys at Law.*

Upon review of all matters submitted herein and in accordance with the agreed

facts, this Court now finds that the Respondent is a member of the Bar of this State, having been admitted in 1979. We find further that prior to August, 1980, the Respondent befriended Gregory Allen Dale. Dale was an alcoholic, had no other family and came to depend upon the Respondent and Respondent's family for many of his basic needs and care. The Respondent also provided some legal services to Dale for which he charged Dale. On August 8, 1980, Dale executed a Power of Attorney appointing the Respondent to act as attorney in fact on behalf of Dale.

During the period from December 18, 1980, to February 16, 1982, the Respondent, as agent for Dale under the power of attorney, made seventeen loans to himself from Dale's funds. The loans were evidenced by promissory notes and totalled $100,560.78. Eleven of the seventeen promissory notes contained forgiveness clauses whereby the Respondent's obligation on the note would cease at Dale's death. The obligations of the notes containing the forgiveness clauses totalled $94,900.78, exclusive of interest. Dale's assets in December, 1980, were in cash and totalled approximately $300,000.

Between January 29, 1981, and April 8, 1981, Dale was hospitalized for treatment of alcohol-related mental illness. On several occasions Dale had made references to his loans to the Respondent to third persons, indicating his knowledge and consent to such loans. Dale died on February 24, 1982.

On February 25, 1982, the Respondent prepared and filed a Petition for Appointment of a Special Administrator in the Marion Superior Court, Probate Division. As a result, Steven Malone was appointed Special Administrator of Dale's Estate. On April 2, 1982, at the request of Malone, the Respondent withdrew his appearance in the Estate. The Respondent made full disclosure of the loans to Malone and to the Court. He worked out a satisfactory settlement with the Estate for repayment of the funds, with the approval of the Court.

The parties have further agreed, by way of mitigation, that the Respondent believed that Dale wanted to make the loans, that he had agreed to their terms and that he was capable of making such agreements.

In light of all the foregoing findings, we conclude that the Respondent engaged in misconduct. He entered into a business transaction with a client without full disclosure and consent when they had differing interests and when the client expected the Respondent to exercise his professional judgment. Such conduct is prejudicial to the administration of justice and adversely reflects upon Respondent's fitness to practice law. In light of the foregoing considerations and the findings, including the agreed to mitigating matters, we conclude that the agreed discipline, suspension from the practice of law for a period of one hundred eighty (180) days, with automatic reinstatement, is appropriate.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Statement of Circumstances and Conditional Agreement for Discipline entered into by the parties is hereby approved and, accordingly, the Respondent, F. Allen Tew, Jr., is suspended from the practice of law in this state for a period of one hundred eighty (180) days, effective as of November 15, 1986.

Costs of this proceeding are assessed against the Respondent.

SHEPARD, J., dissents in part, regarding the sanction as inadequate.