**In the Matter of Richard L. KIESER.**

**No. 71S00–8807–DI–679.**

Supreme Court of Indiana.

May 13, 1992.

Brian May, George Roberts, South Bend, for respondent.

Charles M. Kidd, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

DISCIPLINARY ACTION

PER CURIAM.

Richard L. Kieser, the Respondent in this case, was charged under the *Code of Pro-*

which we previously have required by this permanent writ. P.L. 136–1992, Section 1.

*fessional Responsibility* and the superseding *Rules of Professional Conduct for Attorneys at Law* with five counts of professional misconduct.

The case proceeded to hearing before a Hearing Officer appointed by this Court, and said Hearing Officer has now tendered his findings of fact and conclusions of law. As neither party has challenged the Hearing Officer's findings, this Court now accepts and approves the same but reserves the right to evaluate such findings and render a final determination as to misconduct.

Accordingly, we find that the Respondent is a member of the Bar of this state having been admitted in May, 1962. At the hearing, one count was withdrawn, and the Hearing Officer found no evidence to support misconduct under three of the counts. Under the charges of Count I, we find that Danny Hixenbaugh, a former Indiana State Trooper, hired the Respondent to bring a federal civil rights action under 42 U.S.C. § 1983. The representation was on a contingency fee basis. The complaint was filed in Federal Court on April 18, 1985. Thereafter, Hixenbaugh made numerous attempts to contact the Respondent who did not return any calls or communicate with his client. In the fall of 1986, Hixenbaugh happened to see the Respondent on the street whereupon the Respondent advised him that everything about the case was going fine.

On December 12, 1986, the defendant in the action filed a "Motion to Dismiss or for Summary Judgment". The Respondent requested and was granted an enlargement of time in order to respond. However, he filed nothing, and, on January 21, 1987, the Court granted summary judgment in favor of defendants with costs assessed against the plaintiff. Formal judgment was actually entered on January 23, 1987. On January 22, 1987, the Respondent filed a motion for enlargement of time to respond to the motion for summary judgment. His request was denied, but in its order denying the same, the Court indicated that the denial did not foreclose a motion for reconsideration.

Respondent again filed nothing and did not notify his client of the outcome of the litigation. Upon being advised by a friend that his action was no longer pending, Hixenbaugh obtained a copy of the order of dismissal. The Respondent has never communicated with him about the outcome of the case. Hixenbaugh was able to retrieve some, but not all, of his papers from Respondent.

By failing to respond to defendant's "Motion to Dismiss and Motion for Summary Judgment" and further failing to seek reconsideration of the dismissal of his client's case, the Respondent neglected a legal matter entrusted to him in violation of D.R. 6–101(A)(3) of the *Code of Professional Responsibility for Attorneys at Law*. The findings also establish that the Respondent failed to keep his client reasonably informed as to the status of his case and completely failed to disclose the dismissal of the case, in violation of Rule 1.4(a) of the *Rules of Professional Conduct*. Such conduct further violates Rule 8.4(c) as it involves dishonesty and misrepresentation.

 The assessment of an appropriate sanction involves an examination of the nature of the violation, the specific acts of the Respondent, this Court's responsibility to preserve the integrity of the Bar, and the risk to which the public will be subjected if the Respondent is permitted to continue in the profession. *In re Gemmer* (1991), Ind., 566 N.E.2d 528; *In re Kern* (1990), Ind., 555 N.E.2d 479; *In re Hampton* (1989), Ind., 533 N.E.2d 122. Respondent's conduct in this case reflects a disconcerting, cavalier attitude that has no place in a professional relationship dependent upon trust. The Respondent had ample opportunity to protect his client's interest but repeatedly failed to do so. He abandoned his client, refused to communicate with him and failed to advise him of the status of the claim.

In the case of *In re Shea* (1981), Ind., 425 N.E.2d 76, in which Shea failed to file a claim for six years but repeatedly lied to the client that the case had been filed, this Court accepted a conditional agreement imposing a thirty day suspension. We note

that in this case the Hearing Officer made specific findings regarding Respondent's dilatory tactics during this very disciplinary proceeding. The Respondent first agreed to stipulate facts, but later declined to do so; did not obtain an attorney but then asked for continuance to obtain one and for time for such attorney to prepare; did not cooperate with his successive attorneys; and submitted documents with his proposed findings of fact which documents had never been entered in the record. Respondent's misconduct as set out above coupled with his dilatory conduct during the hearing in this case leads us to conclude that a period of suspension with automatic reinstatement is an appropriate sanction. It is, therefore, ordered that Richard L. Kieser is hereby suspended from the practice of law for a period of sixty (60) days beginning June 8, 1992.

Costs of this proceeding are assessed against the Respondent.