In the Matter of Steven W. KRISTOFF.

No. 64S00–9008–DI–531.

Supreme Court of Indiana.

March 22, 1993.

Terry E. Johnston, Valparaiso, for respondent.

Charles M. Kidd, Staff Atty., Indianapolis, for The Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

## PER CURIAM.

The Respondent, Steven W. Kristoff, was charged in a complaint for disciplinary action with several violations of the *Rules of Professional Conduct*, all of which arose from his representation of a homeowner's association. A hearing officer appointed pursuant to Admission and Discipline Rule 23 heard the evidence and tendered his findings of fact, conclusions of law, and recommended sanction. The Respondent admitted the allegations of misconduct, and there was no disagreement with the findings or conclusions proposed by the hearing officer. The Disciplinary Commission disagrees with the proposed sanction, urging a lengthier suspension.

When the findings are unchallenged, this Court accepts the same but remains the sole arbiter of the ultimate determination of misconduct and sanction. *Matter of Stover–Pock* (1992) Ind., 604 N.E.2d 606. The Commission's petition will be addressed within the scope of this review process.

The Respondent was admitted to the Bar of the State of Indiana in 1977 but, according to the records of the Clerk of the Indiana Supreme Court, he was suspended on May 23, 1990, for failure to meet the mandatory continuing legal education requirements.[1] In 1986, he was retained by the Salt Creek Commons Homeowner's Association to file liens in order to collect unpaid association dues, to collect payments in satisfaction of the liens, to file lien releases, and to file the Association's "Not For Profit Corporation Annual Report."

In 1988 and 1989, Respondent accepted between $1,000 and $5,585.68 in payments on the liens, which he did not turn over to the Association. In November of 1988, the Association received a "Certificate of Administrative Dissolution" from the Office of the Secretary of State because Respondent had not filed its annual report. After the Association terminated Respondent's employment in January of 1989, he did not return the files on outstanding liens as the Association requested, and he continued to receive judgments which he did not forward to the Association.

As a result, the Respondent was charged on April 23, 1990, with Theft under IC 35–43–4–2, a Class D Felony. The Court accepted Respondent's guilty plea, and on March 4, 1991, approved a two year sentence, which was suspended. The Respondent was placed on probation for two years and ordered to make full restitution.

The Respondent admitted that he failed to hold the Association's property separate from his own, in violation of Rule 1.15(b); that he committed a criminal act that reflected adversely on his honesty, trustworthiness and fitness as a lawyer, in violation of Rule 8.4(b); and that he engaged in conduct that was prejudicial to the administration of justice, in violation of Rule 8.4(d) of the *Rules of Professional Conduct.*

Before and during the period the misconduct occurred, Respondent was an alcoholic, and, by late 1987, was not functioning productively. Eventually, he and his wife lost their home to foreclosure as a result of his alcoholism. In January, 1990, he voluntarily entered an alcohol treatment program at Methodist Hospital in Merrillville, Indiana. He has maintained sobriety since his release from the hospital and has fully complied with the hospital's outpatient program. The hearing officer was convinced that Respondent was aware of the need to continue outpatient therapy indefinitely. The Respondent has become active in the

---

1. Though the Respondent is currently suspended, he is eligible to seek prompt reinstatement at any time pursuant to Admis.Disc.R. 29(10). We thus entertain the suspension sought for violating the Professional Conduct Rules notwithstanding the existing order of suspension.

Fifth Street Club for substance abusers. He is on the club's board of directors and serves as its vice president. Also, he has joined the Porter County Coalition for a Drug Free Indiana and is active in the organization. The Respondent has made complete restitution. We are further mindful of the hearing officer's observation that Respondent's dissipation may have been averted if a lawyers assistance program had been available at the time.

■ In determining a disciplinary sanction, we examine several factors; a recommendation from the hearing officer is but one of those factors. This involves an analysis of the offense, actual or potential injury, the state of mind of the Respondent, the duty of this Court to preserve the integrity of the profession, the risk to the public, and matters in mitigation, extenuation or aggravation. *Matter of Cawley, Jr.* (1992) Ind., 602 N.E.2d 1022.

■ Neither Respondent's alcoholism nor his subsequent efforts at rehabilitation and eventual restitution can diminish the gravity of his misconduct. The actual injury to the client is obvious. However, Respondent has taken positive steps to deal with his addiction, has become active in community organizations addressing such problems and has made full restitution. These steps indicate that Respondent should, at a future date, have an opportunity to prove to the Commission and this Court that he is rehabilitated and is no longer a risk to the public.

The hearing officer recommended suspension for at least one year beyond Respondent's criminal probation and proof at reinstatement that he has remained alcohol free. This sanction is consistent with our action in *Matter of Campbell* (1989) Ind., 546 N.E.2d 821, in which a majority of this Court imposed a three year suspension, effective retroactively, thus allowing that Respondent to seek reinstatement in less than one year after the imposition of sanction. We are inclined to accept the hearing officer's recommendation in the case before us. It is, therefore, ordered that Steven W. Kristoff is suspended from the practice of law for a period of not less than one (1) year, beginning immediately, at the conclusion of which, he is eligible to seek reinstatement. In addition to any factors set out in Admission and Discipline Rule 23, Section 4, Respondent must prove at reinstatement that he continues to be alcohol free.

Costs are assessed against Respondent.