**In the Matter of Richard L. KIESER.**

**No. 71S00–9301–DI–16.**

Supreme Court of Indiana.

March 31, 1994.

No appearance for respondent.

Jeffrey D. Todd, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

Respondent, Richard L. Kieser, was charged in a Verified Complaint for Disciplinary Action with violating the *Rules of Professional Conduct for Attorneys at Law.* The Hearing Officer, appointed by this Court pursuant to Ind.Admission and Discipline Rule 23, Section 11(b), heard evidence and tendered his findings, conclusions of law, and recommendation. Although Respondent had actual knowledge of the time, date, and place of hearing, he failed to appear. In that neither Respondent nor the Disciplinary Commission has petitioned this Court for review of the Hearing Officer's report, we accept and adopt the findings contained therein. This Court, however, reserves the right to evaluate such findings and reach conclusions as to misconduct and sanction. *In re Kristoff* (1993), Ind. 611 N.E.2d 116, *In re Stover–Pock* (1992), Ind., 604 N.E.2d 606.

Accordingly, we now find that Respondent was admitted to practice in this state on May 1, 1962, and is therefore subject to the disciplinary jurisdiction of this Court. Linda Moore retained Respondent in July, 1986, to represent her on a contingent fee basis in a personal injury action. Respondent filed a complaint for damages on behalf of Moore against Dairy Mart, Inc. and Phillips Petroleum Company in St. Joseph Circuit Court on June 22, 1988. Respondent thereafter ignored certain discovery requests of defendants, prompting defendants to file a motion to compel discovery on January 4, 1989. On February 9, 1989, Respondent failed to appear at hearing on the motion to compel. On July 3, 1989, defendants filed a motion for sanction, pursuant to Ind.Trial Rule 37, in light of Respondent's failure to comply with discovery. Respondent failed to appear at a July 17, 1989 hearing on the T.R. 37 motion, as well as the pretrial conference, conducted on November 3, 1989.

Moore retained successor counsel, who entered an appearance on February 27, 1990, and filed a motion for trial court order directing Respondent to release Moore's file. Respondent did not appear at an April 2, 1990 hearing on the motion. Successor counsel was able to negotiate a settlement of Moore's claim with which she was satisfied.

During the three and one-half years Respondent represented Moore, he consistently failed to receive from or return telephone calls to Moore. He did not return to Moore her case file until more than three months following her initial request for it. He conducted little, if any, discovery or investigation during the initial stages of the case. He failed to keep Moore informed as to the status of her case, and generally failed to perform legal services for her despite an oral contractual relationship that existed between them.

In light of the above conduct, we conclude that Respondent violated Ind.Professional Conduct Rule 1.3 by failing to act with reasonable diligence and promptness while representing Moore, and Prof.Cond.R. 1.4(a) by failing to keep her reasonably informed about the status of her case and by failing to promptly comply with reasonable requests for information. Respondent also violated Prof.Cond.R. 3.2 by failing to make reasonable efforts to expedite litigation consistent with Moore's interests, and Prof.Cond.R. 1.16(d) by failing to take steps to the extent reasonably practicable to protect those interests, including surrendering papers and property to which she was entitled.

After finding misconduct, it is the duty of this Court to assess appropriate disciplinary measures. Prior misconduct is a factor to be considered in this assessment. *In re Smith* (1992), Ind., 588 N.E.2d 1268. The Hearing Officer found that Respondent has been previously disciplined for failing to keep a client reasonably informed as to the status of the client's case in *In re Kieser* (1992), Ind., 591 N.E.2d 560. Respondent received a sixty (60) day suspension for that misconduct. The Hearing Officer also noted that in Respondent's prior disciplinary action, as well as in the present matter, he has demonstrated an alarming tendency to fall short of meeting the duties of care and diligence expected by clients and other members of the Bar. We note that this Court also privately reprimanded Respondent for conduct similar to that at issue here in *In re Kieser,* Cause No. 585 S 196 (1986).

We are disturbed by Respondent's apparent habit of neglecting legal matters entrusted to him. Persons who find themselves ensnarled in legal tangles are entitled to receive competent, professional representation. From the lawyer's perspective, the aim of such representation should be not only to resolve the pending legal issues, but also to do so in a fashion that minimizes client anxiety. Prompt, diligent representation by a lawyer who keeps the lines of communication with clients open and free-flowing is far along in fulfilling these aims. Respondent's cavalier attitude toward his client's interests indicates a profound lack of understanding of the most fundamental duties of a lawyer and a lack of recognition and respect for his client's needs. Additionally, his failure to work with opposing counsel regarding discovery issues subjected fellow members of the Bar to his neglect and lack of diligence. The behavior underlying Respondent's misconduct even tainted the disciplinary process, as

shown by his failure to appear at the disciplinary hearing of this matter.

Respondent's continuing pattern of severe derelict conduct, despite repeated and progressively more severe sanctions, convinces us that a period of suspension is warranted to protect the public and members of the Bar from his lapses. A suspension also leaves open the possibility of Respondent returning to law practice if and when he is able to demonstrate that he can adequately fulfill the obligations of one entrusted with the interests of others. It is, therefore, ordered that the Respondent, Richard L. Kieser, is hereby suspended from the practice of law for a period of not less than two (2) years, beginning April 29, 1994, at the conclusion of which he may petition this Court for reinstatement.

Costs of this proceeding are assessed against the Respondent.