**In the Matter of Floyd Allen TEW, Jr.**

**No. 49S00–9611–DI–708.**

Supreme Court of Indiana.

Dec. 30, 1998.

Respondent, Pro Se.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission charged the respondent, Floyd Allen Tew, Jr., with four counts of professional misconduct. Specifically, it alleged that the respondent: improperly used for his own purposes, and never repaid, funds owed to his clients and third parties; failed to provide an accounting of such funds; misled investigators inquiring into his misconduct; and induced clients to invest in a non-existent business venture, failed to return their funds, and threatened to disclose confidential information gained during his representation to dissuade them from seeking the return of their funds.

The respondent is a member of the bar of this state, having been admitted on October 4, 1979, and is subject to this Court's disciplinary jurisdiction. Pursuant to Ind.Admission and Discipline Rule 23, Section 14(f), this Court appointed a hearing officer, who, after full hearing, tendered his findings of fact and conclusions of law. Although respondent had actual knowledge of the time, date and place of hearing, he failed to appear. Following hearing, this Court, pursuant to Admis.Disc.R. 23(15)(b), suspended the respondent from the practice of law pending this Court's final resolution of this matter.

■ The hearing officer found that the respondent engaged in the misconduct as charged and recommended disbarment. Neither the respondent nor the Disciplinary Commission has petitioned this Court for review of the hearing officer's report. Where the hearing officer's report is unchallenged, we accept and adopt the findings contained therein but reserve final judgment as to misconduct and sanction. *Matter of Kristoff,* 611 N.E.2d 116 (Ind.1993).

Under Count I of the *Amended Verified Complaint for Disciplinary Action,* respondent was hired to pursue a legal malpractice claim for which, pursuant to a fee agreement, he would receive one-third of the recovery plus expenses. He negotiated a settlement for $8,000 in September 1985. The respondent failed to deposit the settlement funds in a client trust account and did not pay his

client any portion of the $5,677.17 owed her from the settlement until 1990. He paid her a total of $600 in three (3) equal payments before refusing to pay her any more.

We find that the respondent violated Ind. Professional Conduct Rule 1.15(a) by failing to hold the settlement proceeds separate from his own property.[1] He violated Prof. Cond.R. 1.15(b) by failing to promptly deliver such funds to her.[2] In addition, he violated Prof.Cond.R. 8.4(b) in that he committed a criminal act by controlling and using for his own purposes funds belonging to his client.[3] He also violated Prof.Cond.R. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit and misrepresentation.[4]

Under Count II, we find that respondent was hired to represent a client in a personal injury accident in February 1993. Their contingency fee agreement provided that he would be paid one-third (1/3) of any recovery. In June 1993, the respondent negotiated an agreement with the client's automobile insurance company, which, by virtue of its payment of part of the client's medical expenses, had a subrogation lien of $4,000. The insurer agreed to reduce its lien to $2,667. The respondent referred his client to a chiropractor, who charged the client $5,758.32 for medical treatment.

In July 1993, the respondent negotiated on behalf of his client a settlement of $16,000, which was paid to the respondent in two checks of $13,500 and $2,500. Inasmuch as the respondent lacked a trust account, he deposited these checks into his general operating account, retaining $300 in cash from the deposit. Although he was only entitled to $5,333.33 of the proceeds under the contingency fee agreement, he gave his client only $5,500 and failed to disburse the remaining $5,166.67 of the settlement proceeds until well after his client filed a grievance with the Disciplinary Commission. He also failed to provide a written settlement statement to his client. Moreover, he did not notify the client's automobile insurer or chiropractor of the settlement. Both pursued claims against the client.

In response to the client's grievance, the respondent submitted a written "settlement summary" dated July 15, 1993. In fact, he had not provided the client with the "summary."

By his actions, under Count II, the respondent violated Prof.Cond.R. 1.15(a) by failing to hold his client's funds separate from his own. He violated Prof.Cond.R. 1.15(b) by failing to deliver funds promptly to the chiropractor as required by their agreement. He committed a criminal act by using his client's money for his own purpose without her permission and, in so doing, violated Prof. Cond.R. 8.4(b) and (c). The respondent also violated Prof.Cond.R. 8.1(a) by falsely representing to the Commission that he had provided the client with a settlement summary.[5] We find that in Count III, the respondent

1.  Rule 1.15(a) provides:
    A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. . . .

2.  Rule 1.15(b) provides:
    Upon receiving funds or other property in which the client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

3.  Rule 8.4(b) provides:
    It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

4.  Rule 8.4(c) provides:
    It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

5.  Prof.Cond.R. 8.1 provides:
    An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
    (a) knowingly make a false statement of material fact. . . .

was hired to represent a client in a personal injury and property damage claim for which he would be paid one-third (1/3) of any recovery. Additionally, the respondent entered into an agreement with a chiropractor to protect or secure payment to the chiropractor for the services the chiropractor would provide to the client in relation to the claim.

The respondent negotiated a settlement of $15,000, but failed to provide a written settlement statement to his client. The respondent did not have a client trust account, and bank records show no corresponding deposit at or near the time of the settlement in 1993. Respondent paid $5,500 to the client and retained the remaining $11,500. He did not issue a settlement distribution summary to the client, although he falsely stated to the Disciplinary Commission that he had.

The respondent informed the client that he had deducted from the settlement proceeds an additional $3,000 for legal work unrelated to the personal injury suit which he allegedly performed. He, in fact, performed no such legal work, and the client had authorized no such deductions. The respondent never paid the chiropractor and eventually paid only an additional $1,500 to the client, although he owed the client approximately $4,500.

We find that under Count III, the respondent violated Prof.Cond.R. 1.15(a) by failing to promptly forward funds belonging to the chiropractor upon receipt of the settlement proceeds. He violated Prof.Cond.R. 1.15(c) by failing to keep separate the settlement proceeds belonging to him, the client and the chiropractor.[6] He violated Prof.Cond.R. 8.1(a) by falsely representing to the Commission that he had provided his client with a settlement summary.

As to Count IV, we find that the respondent prepared a will for a brother and sister in 1992 and 1993, respectively. The respondent attempted to recruit the brother and sister as investors in a restaurant venture he was developing. To entice them after they initially declined to participate, the respondent assured them that their investment would be held in "trust" until he had accumulated $125,000 for working capital. The respondent assured the brother and sister that they could withdraw their investments upon request within sixty (60) days in October 1993. Based upon those representations, the brother gave the respondent $10,000 in October 1993 and the sister gave the respondent $10,000 in November 1993. The respondent opened a trust account the day after the second payment with a deposit of $10,010. The brother and sister demanded return of their money in December 1993. In a letter sent shortly afterward, respondent informed them he no longer had the money. He also twice threatened to reveal confidential information obtained during his representation of them and concerning their alleged criminal activity if they continued to make demands for the money. The restaurant venture was never begun. The respondent has failed to provide an accounting of the $20,000 and has returned only $600 of it.

The respondent violated Prof.Cond.R. 8.4(c) by making false representations to the brother and sister to induce them to invest in a non-existent restaurant venture and by making false representations about the manner to which he would put the money to use. He violated Prof.Cond.R. 1.15(a) by failing to keep the money of the brother and sister separate from his own and by failing to properly account for it. By failing to promptly turn over to them the money to which they were entitled and by failing to make an accounting thereof, he violated Prof.Cond.R. 1.15(b). Finally, he violated Admis.Disc.R. 1.9(b) by threatening to disclose confidential information gained during his representation of the brother and sister to gain an advantage over them and to keep them from making demands for the return of their money.[7]

---

6. Rule 1.15(c) provides:
    When in the course of representation a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion shall be kept separate by the lawyer until the dispute is resolved.

7. Rule 1.9(b) provides in relevant part:
    A lawyer who has formerly represented a client in a matter shall not thereafter use information relating to the representation to the disadvantage of the former client. . . .

■ Having concluded that the respondent engaged in professional misconduct, this Court must determine an appropriate discipline. This process involves an examination of the respondent's state of mind, the duty violated, actual or potential injury to the clients, the duty of this court to preserve the integrity of the profession, the risk to the public, and any mitigating or aggravating factors. *Matter of Barratt,* 663 N.E.2d 536 (Ind.1996). We also are guided by the hearing officer's recommended sanction for disbarment, as well as the American Bar Association *Standards for Imposing Lawyer Sanctions.*

■ ABA Standard 4.11 provides that disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. Also, ABA Standard 5.11(b) states that disbarment is generally appropriate when a lawyer engages in any intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that adversely reflects substantially on the lawyer's fitness to practice.

The respondent's conduct presents a litany of conversion, including his premeditated scheme to steal funds that he enticed clients to "invest" with him. He repeatedly lied to his clients to further such conversions and, when caught, misled the authorities investigating this matter. His actions resulted in significant financial loss to his clients, some of whom not only lost their settlement proceeds but also had to face further litigation due to the respondent's mishandling of their funds. The respondent even threatened to disclose confidential information gained in previous representation of his clients to prevent them from recovering their funds which he had improperly retained.

Unfortunately, such charges are not new to the respondent. He was suspended by this Court for 180 days in 1986 as a result of misconduct involving the improper handling of a client's funds. *Matter of Tew,* 498 N.E.2d 387 (Ind.1986).

In cases involving the mishandling of clients' monies and misrepresentations designed to further the conversion or avoid detection of it, we have recognized the severity of the misconduct by imposing disbarment. *See, e.g., Matter of Hill,* 655 N.E.2d 343 (Ind.1995); *Matter of Meacham,* 630 N.E.2d 564 (Ind.1994); *Matter of Long,* 619 N.E.2d 919 (Ind.1993). Similarly, the respondent's repeated mishandling and misappropriation of his clients' monies, together with his numerous misrepresentations, show he lacks the honesty and integrity critical to the ethical practice of law.

Respondent has shown through repeated misconduct his inability to adhere to minimum professional standards. In light of precedent and the particular nature of respondent's misconduct, we find that disbarment is an appropriate sanction.

Accordingly, we order that the respondent, Floyd Allen Tew, Jr., be disbarred, effective immediately. The clerk of this Court is directed to remove his name from the roll of attorneys. The clerk is also directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk of each of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against respondent.