### In the Matter of Susan J. McCARTY.

### No. 26S00–9809–DI–514.

Supreme Court of Indiana.

May 25, 2000.

For the Respondent, Pro se.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

■ Susan J. McCarty, an attorney admitted to practice law in this state in 1975, will be suspended from the practice of law for neglecting the legal affairs of four clients, failing appropriately to handle funds she held on their behalf, and failing to respond to inquiries of the Disciplinary Commission regarding those acts.

■ This attorney disciplinary case comes before this Court upon the duly-appointed hearing officer's findings of fact and conclusions of law, prepared following an evidentiary hearing upon the Commission's *First Amended Verified Complaint for Disciplinary Action* filed against the respondent on May 26, 1999. The hearing officer found misconduct as charged. Neither the respondent nor the Commission has petitioned this Court for review of the hearing officer's report, and we therefore accept and adopt the findings contained therein, but reserve final judgment as to misconduct and sanction. *Matter of Kristoff,* 611 N.E.2d 116 (Ind.1993).

Based upon the hearing officer's report, we now find the facts to be as follow:

### Count I

On September 24, 1996, a client retained the respondent to seek a legal separation from the client's husband, paying the respondent $300 to represent her. Of those funds, $100 was intended to be used for the filing fee and other $200 was to go toward the respondent's attorney fee. The respondent did not deposit any portion of the money provided by the client into a client trust or separate dedicated account. Between August 1996 and April 1999, the respondent did not even maintain such an account.

The client contacted the respondent on more than one occasion to check on the status of her legal separation. The respondent offered various excuses, including that the papers had been prepared but destroyed by the typist's child. In fact, the documents were never prepared. On October 2, 1996, the client terminated the attorney-client relationship and asked for a refund of the $300 she had paid. The respondent told the client she did not have the money. The client's successor attorney also requested refund of the $300, but was likewise advised by respondent that she did not have the money.

On October 23, 1996, the client filed a grievance against the respondent with the Disciplinary Commission. Though required to respond by Ind.Admission and Discipline Rule 23(10)(a)(2), the respondent failed to do so. In December of 1996, respondent repaid to the client $200 of the $300 paid.

Indiana Professional Conduct Rule 1.3 requires lawyers to exercise reasonable diligence and promptness when representing clients. By failing to take any meaningful action on behalf of her clients, the respondent violated the rule. Professional Conduct Rule 1.16(d) provides, in relevant part, that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, including surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. By failing promptly to refund the client's retainer or filing fee, the respondent violated the rule. Professional Conduct Rule 1.15(a) requires that lawyers hold the property of clients separate from their own. Client funds in a lawyer's possession in connection with a proceeding are to be kept in a separate account. The respondent failed to maintain her client funds is an appropriate account as required and thus violated the rule.

The hearing officer found that the respondent never prepared the pleadings for

the legal separation sought by the client. The record in this case contains no indication that such an action was ever filed, yet the respondent never returned to the client the $100 paid in advance for the filing fee and, in fact, never even placed the funds in a separate account. When the client requested return of the funds, the respondent claimed she no longer had them. Professional Conduct Rule 8.4(b) provides that a lawyer shall not engage in a criminal act which reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. We find that the respondent's exercise of authorized control over the client's funds violated Prof.Cond.R. 8.4(b).

Finally, by falsely informing the client that the pleading for the separation had been prepared but destroyed by a child, the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Prof.Cond.R. 8.4(c). By failing to respond to the Commission's request for response to the client's grievance, the respondent violated Prof.Cond.R. 8.1(b), which makes it professional misconduct for a lawyer knowingly to fail to respond to a lawful demand for information from a disciplinary authority.

## Count II

In September of 1996, a client who had been involved in an automobile accident and who was dissatisfied with the $462 insurance settlement she had received for it retained the respondent to seek a better settlement and to prevent the insurer from assigning fault for the accident to the client. The client did not pay respondent any advance fees, but did forward the uncashed $462 insurance check to her. The respondent advised the client that she was unlikely to receive a better settlement from the insurer. As a result, in early 1997, the client terminated the attorney-client relationship and requested that respondent return her papers. The respondent did not immediately return them, prompting the client's successor attorney to contact the respondent by both tele-phone and letter regarding the return of the client's file. Additionally, the client also continued to demand that the respondent return her papers.

Having no success in recovering her file, the client filed a grievance against the respondent on April 21, 1997. On January 8, 1998, the respondent replied to the client's grievance and at that time provided the Commission with the client's papers and the insurance check left with the respondent in 1996.

By failing to take any action on behalf of her client and by failing promptly to return to the client papers she was entitled to recover at the termination of representation, the respondent violated Prof. Cond.R. 1.3 and 1.16(d). Professional Conduct Rule 1.2(a) provides that a lawyer shall abide by a client's decisions concerning the representation. By failing to take any action at all in the case, the respondent violated Prof.Cond.R. 1.2(a).

## Count III

A client hired the respondent to file dissolution of marriage action, orally agreeing to pay the respondent $525, including a $100 filing fee. At the outset, the client paid to the respondent $300 toward the fee, with the balance subsequently paid by December 14, 1997. The respondent did not deposit any portion of the money into a trust or dedicated account. During that time respondent did not maintain a trust or dedicated account.

Between December 1997 and April 1998, the client contacted the respondent repeatedly seeking information about the status of her dissolution action. In February 1998, the client told the respondent to file the dissolution action or refund her money. The respondent failed to file a dissolution action on behalf of the client at any time, but did later refund $200 to the client.

On March 30, 1998, the client sued the respondent in the Gibson Superior Court seeking a judgment for the balance of the money she had paid to respondent. The

respondent did not dispute the client's claim, and the court entered a judgment for $325 against the respondent, the terms of which required the respondent to pay the client $20 per month until the judgment was satisfied. The respondent later failed to make regular payments. On May 20, 1998, the client filed a motion for supplemental proceedings, which ultimately resulted in the respondent's monthly required payment being reduced to $10 per month. On May 29, 1998, the client filed a grievance, to which the respondent failed to respond. The respondent paid the client another $25 on August 3, 1998.

By failing to take any action in the case, the respondent violated Prof.Cond.R. 1.2(a) and 1.3. By failing to refund the advance-paid filing fee to the client at the termination of representation, the respondent violated Prof.Cond.R. 1.16(d). By failing to keep the client's funds in a separate account, the respondent violated Prof. Cond.R. 1.15(a). By failing to respond to the Commission's request for information, the respondent violated Prof.Cond.R. 8.1(b).

## Count IV

The respondent met with prospective clients on July 29, 1998, regarding obtaining custody of their grandson. The clients informed the respondent that their grandson was visiting them at their home in Evansville, Indiana, and did not want to return to live with his father in Texas. They also told the respondent that time was of the essence due to school enrollment considerations. The respondent accepted a retainer of $300 from the clients.

The clients attempted to contact the respondent almost daily. On August 8, 1998, the clients discharged respondent and demanded a refund of the advance payment. Between her hiring on July 29, 1998 and her discharge on August 8, 1998, respondent did nothing to advance the clients' contemplated legal action.

When respondent failed to comply with the clients' demand for refund, the clients sued the respondent in the small claims division of the Vanderburgh Superior Court and obtained a default judgment against her. They also filed a grievance against the respondent, to which the respondent never responded. After the Commission filed its *First Amended Verified Complaint for Disciplinary Action* on January 4, 1999, the respondent fully refunded the clients' retainer money.

The respondent's failure to refund the money the client paid in advance toward the respondent's legal fee violated Prof. Cond.R. 1.16(d). By failing to respond to the Commission's demand for a response, the respondent violated Prof.Cond.R. 8.1(b).

Having found misconduct in each of the four counts, we now turn to the issue of proper sanction. In this analysis, among the factors we examine are those that tend to mitigate the severity of the respondent's actions. The respondent has supplied evidence that various health concerns at times hamper her ability to provide legal services, but offers nothing to explain or extenuate each specific instance of misconduct. The Commission has emphasized the fact that the respondent engaged in several instances of misconduct, and argues that her pattern of neglect aggravates the severity of her acts. Whether caused by health or other problems, the fact remains that in several instances the respondent took no action at all for clients with pressing legal needs. Two times her inaction and neglect was so complete that clients were forced to resort to formal legal action to recover unearned fees and filing costs. That, coupled with the respondent's client fund mismanagement and complete disregard for the Commission during its investigation of these matters, casts doubt on her ability and/or willingness to discharge the duties and obligations required of lawyers. We see permitting her to continue in practice as a danger to the public and the profession, and, accordingly, we find that a period of suspension with the requirement the respondent petition this Court for reinstatement is appropriate. Such a sanction un-

der the facts of this case is commensurate with that imposed in similar cases. *See, e.g., Matter of Ragland,* 697 N.E.2d 44 (Ind.1998) (five counts of neglect resulted in a six-month suspension without automatic reinstatement); *Matter of Barnes,* 691 N.E.2d 1225 (Ind.1998) (six month suspension for three counts of client neglect and failure to protect former clients' interest).

It is, therefore, ordered that the respondent, Susan J. McCarty, be suspended from the practice of law for a period of not fewer than six (6) months, beginning July 3, 2000, at the conclusion of which she shall be eligible for reinstatement to the bar of this state, provided she can satisfy the requirements of Ind.Admission and Discipline Rule 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.