**In the Matter of Samuel S. CHAVEZ.**

No. 79S00–9307–DI–768.

Supreme Court of Indiana.

June 4, 1996.

Samuel S. Chavez, Nashville, Pro Se.

David B. Hughes, Staff Counsel, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

**DISCIPLINARY ACTION**

PER CURIAM.

This attorney disciplinary proceeding is before us on a single count *Verified Complaint for Disciplinary Action* charging that

Samuel S. Chavez engaged in professional misconduct. Pursuant to *Admission and Discipline Rule 23*, this Court appointed a hearing officer who, after a fact-finding hearing, submitted his findings, conclusions and recommendation. Neither the Commission nor the respondent petitioned for review of the hearing officer's report, and the case is now before this court for final review and adjudication. This process involves a *de novo* review, but when the tendered hearing officer's report is unchallenged, this Court accepts and adopts the findings of fact submitted by the hearing officer. *Matter of Kingma–Piper*, 640 N.E.2d 1060 (Ind.1994); *Matter of Gerde*, 634 N.E.2d 494 (Ind.1994); *Matter of Kristoff*, 611 N.E.2d 116 (Ind. 1993).

Accordingly, we find that the respondent was admitted to the Indiana Bar on October 18, 1985. His full given name is Sergio Samuel Chavez. He has gone by Samuel Chavez, Samuel S. Chavez and S. Samuel Chavez. On February 25, 1986, the respondent and his then wife filed a petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Indiana. The respondent used the name of Samuel S. Chavez, a/k/a Sergio S. Chavez and his own social security number. They received a discharge in bankruptcy on August 22, 1986.

On October 30, 1987, the respondent made a written application for a loan to finance the purchase of an automobile. The application was made in the name of Samuel C. Chavez under a social security number that was one number off of the respondent's own number and, in fact, was the number of the respondent's brother, Carlos. The respondent also indicated that he had not previously gone through bankruptcy. Based on the application, the respondent obtained the loan and purchased the automobile. Thereafter, the debt and security interest were assigned to Union Federal Savings Bank of Indianapolis.

Ultimately, the respondent was unable to make the installment payments on the automobile loan, and he voluntarily surrendered possession of the automobile to Union Feder-

al. Union Federal obtained a deficiency judgment against the respondent for $10,000, reached an agreement with him for installment payments, and, as of the time of the hearing, the respondent was current in such payments.

On October 22, 1990, the respondent filed a Chapter 13 petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Indiana. It was filed in the names of Sergio Samuel Chavez and his then wife. This petition was dismissed by the court with prejudice on March 29, 1993.

On June 23, 1992, the respondent filed a Chapter 7 petition for bankruptcy in the United States Bankruptcy Court for the Southern District of Indiana. This petition was filed in the name of Sergio S. Chavez and revealed that he had also used the name of Samuel S. Chavez within the last six years. It also revealed his correct social security number but did not reveal his having filed the Chapter 13 bankruptcy in 1990, as was required.

On July 8, 1993, the respondent was charged by indictment in the United States District Court for the Southern District of Indiana with the commission of two felonies relating to the loan application and the 1992 petition in bankruptcy. A jury found the respondent guilty on both counts. He was sentenced to two years probation for each count, with the sentences running concurrently, beginning on November 22, 1993. Based upon the conviction this Court suspended the respondent, effective June 15, 1994, pursuant to *Admission and Discipline Rule 23(11)(a) and (b)* [1]. On July 19, 1995, the United States District Court granted the respondent's motion for early termination of probation.

■ The foregoing findings clearly and convincingly establish that the respondent failed to disclose in a petition for bankruptcy that he had in fact filed another petition within the prior six years. Further, the findings clearly and convincingly establish that the respondent misrepresented his usual and

---

1. *Admis.Disc.R. 23* was amended effective February 1, 1996. The corresponding provisions appear in *Admis.Disc.R. 23(11.1)(a)* and provide for summary suspension upon notice of conviction of a felony.

customary name and his social security number in his loan application in order to avoid detection of his prior bankruptcy proceeding. By such conduct the respondent failed to disclose a material fact to a tribunal, in violation of *Prof.Cond.R. 3.3(a)(2)* [2]. He engaged in criminal conduct that reflects adversely on his honesty, trustworthiness and fitness as a lawyer, in violation of *Prof.Cond.R. 8.4(b)* [3], in conduct involving dishonesty, fraud and misrepresentation, in violation of *Prof. Cond.R. 8.4(c)* [4], and in conduct that is prejudicial to the administration of justice, in violation of *Prof.Cond.R. 8.4(d)* [5].

■■■ It is now the duty of this Court to determine an appropriate disciplinary sanction. This process involves the examination of several factors: the nature of the misconduct, the actual or potential injury flowing from the misconduct, the state of mind of the respondent, the duty of this Court to preserve the integrity of the profession, the potential injury to the public in permitting the respondent to continue in the profession, and mitigating or aggravating matters. *Matter of Drozda,* 653 N.E.2d 991 (Ind.1995); *Matter of Cawley,* Jr., 602 N.E.2d 1022 (Ind. 1992). We also find that useful guideposts for the evaluation and assessment of appropriate discipline are provided by the *American Bar Association Model Standards for Imposing Lawyer Sanction.* Absent aggravating or mitigating circumstances, *Standard 5.11* provides that disbarment is generally appropriate when a lawyer knows that material information is improperly being withheld from documents being submitted to a tribunal, which may have a potentially adverse effect on the legal proceeding. *Standard 5.12* provides that suspension is generally appropriate when a lawyer knowingly engages in criminal conduct without the other elements listed in *Standard 5.11.* In the

case before us, the hearing officer found that several mitigating circumstances exist. The respondent has had no prior disciplinary actions filed against him. The first bankruptcy proceeding was the result of overwhelming medical bills incurred for his child's health care. During that period of time, his then wife suffered from a serious condition for which she would not seek treatment. Also, the respondent is making a good faith effort to make restitution upon the defaulted automobile loan. He has been cooperative toward the disciplinary proceedings and freely acknowledges that he and he alone is responsible for his present position.

The very nature of this misconduct, deceit and misrepresentation, calls into question the respondent's fitness as a lawyer. Such conduct impugns the integrity of the profession and frustrates the orderly administration of justice. But being mindful of the mitigators in this case, we conclude that a substantial period of suspension effective June 15, 1994, the date the respondent's interim suspension began, is appropriate. We find that a suspension for not less than thirty (30) months is warranted under the circumstances of this case. At the conclusion of the period of suspension the respondent will be eligible to petition for reinstatement pursuant to *Admission and Discipline Rule 23.* It is, therefore, ordered that Samuel S. Chavez is hereby suspended from the practice of law for a period of not less than thirty (30) months, effective June 15, 1994.

Costs of this proceeding are assessed against the respondent.

---

2. *Prof.Cond.R. 3.3(a)(2)* provides that a lawyer shall not knowingly fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act against a tribunal by the client.

3. *Prof.Cond.R. 8.4(b)* provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

4. *Prof.Cond.R. 8.4(c)* provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

5. *Prof.Cond.R. 8.4(d)* provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.