**In the Matter of Edward E. BROWN.**

No. 49S00–9808–DI–464.

Supreme Court of Indiana.

April 18, 2002.

Duge Butler, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth Pruden, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Without the knowledge of his client, attorney Edward E. Brown settled the client's case for $10,000 and then caused the client's signature to be forged twice in order to steal the client's $6,664.67 share of the funds. For six years afterward, Respondent Brown avoided detection by ignoring the client's repeated inquiries regarding the status of her case. For that professional misconduct and other violations, we today disbar the respondent.

Our jurisdiction in this case arises from the respondent's admission to the bar of this state in 1970. This proceeding commenced with the Commission's filing of a three-count complaint, later amended to include a fourth count, alleging professional misconduct by the respondent. We appointed a hearing officer, who conducted an evidentiary hearing and submitted her findings, conclusions and recommendation. Neither the Commission nor the respondent petitioned for review of the hearing officer's report. The case is now before this Court for final review and adjudication. Though the Court's review is *de novo,* we accept and adopt the findings of fact submitted by the hearing officer where the hearing officer's report is unchallenged. *Matter of Chavez,* 666 N.E.2d 399 (Ind. 1996).

Accordingly, we find under count I that the respondent represented a client in

a dissolution proceeding. At the final hearing, the respondent represented to the court that he had deposited into his trust account the couple's 1994 federal tax refund check totaling $1,796. The check, issued May 19, 1995, read "VOID AFTER ONE YEAR." On June 12, 1996, the trial court issued the final decree ordering the respondent to disburse $1,200 of the tax refund check proceeds to the client's ex-wife immediately. Despite the respondent's representations to the court and the one-year deadline for cashing the check, the respondent did not deposit the tax refund check into his attorney trust account until July 19, 1996—the same day the client's wife filed a grievance against him with the Disciplinary Commission. The respondent did not distribute the funds to the client's wife until October 1996, four months after the court ordered him to do so.

We find the respondent, by failing to deposit the check and disburse the proceeds promptly, violated Ind. Professional Conduct Rule 1.3. That rule requires lawyers act with reasonable diligence and promptness in representing their clients.

As to Count III,[1] we find a woman hired the respondent to represent her in a personal injury claim arising from an automobile accident seven weeks earlier. The respondent did not file the client's claim within the two-year statute of limitations or notify her of that omission. The client hired a new lawyer to determine the status of the case. The new lawyer contacted the respondent's office several times and, after those calls were ignored, sent a letter to the respondent terminating the representation and demanding the client's file. The respondent did not respond.

The client filed a grievance with the Commission and a malpractice suit against the respondent. The Commission twice sent the grievance to the respondent by certified mail and demanded a written response. The respondent did not respond.

We find the respondent violated Prof. Cond.R. 1.3 by failing to file his client's personal injury claim timely. He violated Prof.Cond.R. 1.4 by failing to keep his client reasonably informed about the status of her case, comply promptly with reasonable requests for information, and explain matters to the extent necessary to permit his client to make informed decisions regarding the representation. By failing to surrender his client's file promptly, the respondent failed to take steps to the extent reasonably practicable to protect his client's interests upon termination of the representation, in violation of Prof. Cond.R. 1.16(d). We further find the respondent violated Prof.Cond.R. 8.1(b) by failing to respond to the Commission's demand for information.[2]

As to Count IV, we find the respondent represented a woman in her claim against her former son-in-law for repayment of a loan. The respondent and the client agreed the respondent's fee would be one-third of any recovery. The respondent received $10,000 in settlement of that claim prior to March 1992 and deposited those funds into his trust account. He filed a "Release of Judgment" in the matter on March 22, 1992.

The respondent did not notify his client of the settlement. Instead, on October 12, 1993, the respondent prepared a check on his trust account made payable to the client in the sum of $6,664.67, representing

---

1. The Commission presented no evidence as to count II.

2. Prof.Cond.R. 8.1(b) prohibits lawyers from knowingly failing to respond to a lawful demand for information from a disciplinary authority.

her share of the settlement funds. Either the respondent or his agent forged the client's name on the back of the check. The respondent negotiated the check and used the proceeds to purchase a cashier's check payable to the client. The respondent or his agent forged the client's name on the cashier's check. The respondent or his agent deposited all but $164.67 of the proceeds into a bank account belonging to his wife and him and retained the remainder in cash.

The client, unaware of the settlement, subsequently called the respondent repeatedly, but he ignored her calls. After discovering the settlement in 1999, she filed a grievance with the Commission. The Commission twice demanded a written response from the respondent, but he failed to respond. At hearing, the respondent testified he could not remember the circumstances surrounding the deposit of the settlement proceeds into his personal bank account eight years earlier, although he offered to make arrangements to repay the client.

We find the respondent, by depositing or arranging the deposit of the client's funds into his personal account, violated Prof.Cond.R. 1.15(a), which requires lawyers safeguard their clients' funds in a trust account and keep client funds separate from their own. The respondent violated Prof.Cond.R. 1.15(b) by failing to disburse to the client her share of the settlement.[3] We further find that the respondent, by committing theft and forgery, violated Prof.Cond.R. 8.4(b), which prohibits a lawyer from engaging in criminal acts reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer. We further find that the respondent, through his series of transac-

tions aimed at stealing his client's funds without detection, violated Prof.Cond.R. 8.4(c), which prohibits lawyers from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

■ Given our finding of misconduct, we must determine the appropriate sanction. We examine the nature of the misconduct, the actual or potential injury flowing from the misconduct, the state of mind of the respondent, the duty of this Court to preserve the integrity of the professional, the potential injury to the public in permitting the respondent to continue in the profession, and mitigating or aggravating circumstances. *Matter of Drozda,* 653 N.E.2d 991(Ind.1995).

The hearing officer recommended immediate disbarment, given the severity of the respondent's misconduct, his repeated lack of cooperation with the Commission, and what she viewed as an "absolute lack of remorse ... (and) failure to accept responsibility for these gross violations even during the final hearing."

■ Disbarment is appropriate in instances of knowing conversion of client funds where the client is harmed or where a lawyer engages in serious criminal conduct involving fraud or theft. *American Bar Association Standards for Imposing Lawyer Sanctions* 4.1, 4.61, 5.11; *see also Matter of Shumate,* 647 N.E.2d 321 (Ind. 1995) (disbarment for failure to deliver funds to clients, conversion of client funds, forging settlement check, neglect, and lack of cooperation in disciplinary proceeding).

In light of these considerations, we conclude that the hearing officer's recommendation is appropriate. It is, therefore, ordered that the respondent, Edward

---

**3.** Prof.Cond.R. 1.15(b) requires lawyers promptly deliver to their clients funds or oth-

er property the clients are entitled to receive.

Brown, is hereby disbarred. The Clerk of this Court is ordered to strike his name from the roll of attorneys.

The Clerk of this Court also is directed to provide notice of this order in accordance with Ind. Admission and Discipline Rule 23(3)(d) and to the Hon. Judith Hawley Conley, and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DICKSON, BOEHM and RUCKER, JJ., concur.

SULLIVAN, J., concurs in the findings of misconduct but would impose a lesser sanction.