RESPONDENT
*Pro se*

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Seth T. Pruden, Staff Attorney
Indianapolis, Indiana

In the

# Indiana Supreme Court

No. 49S00-0803-DI-127

IN THE MATTER OF:

KIMBERLY O. POWELL,

*Respondent.*

Attorney Discipline Action
Hon. John W. Hammel, Hearing Officer

**September 19, 2008**

**Per Curiam.**

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." We find that Respondent, Kimberly O. Powell, engaged in repeated and serious acts of attorney misconduct involving multiple clients.

The Respondent's 2003 admission to this state's bar subjects her to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4. For her misconduct, we find that Respondent should be disbarred.

**Background**

The Commission filed a verified complaint on March 17, 2008, which it amended on March 18, 2008. The amended complaint contains fifteen counts of misconduct involving specific clients from 2003 (the year she was admitted to the bar) through 2007. The sixteenth count alleges general incompetence. Respondent failed to answer the complaint, appear, or otherwise respond to the complaint. Thus, the allegations set forth in the complaint are taken as true. See Admis. Disc. R. 14(c). Because neither party filed a petition for review of the hearing officer's finding, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000). Accordingly, the Court finds that Respondent committed the acts charged in the complaint.

Respondent's misconduct includes failing to take action in cases; failing to keep clients informed about the status of their cases; failing to respond to clients' requests for information; accepting a settlement without the client's approval; giving clients erroneous legal advice; failing to appear at hearings; missing deadlines; failing to properly handle, use, account for, and/or refund money paid to her by clients; charging unreasonable fees; failing to reduce contingent fee agreements to writing; misrepresenting the extent of her professional experience to clients; and making false statements to the Commission during its investigations. The details of some of the counts of misconduct are summarized below.

Respondent agreed to represent Client 1 on federal drug possession charges. She falsely told Client 1 she had substantial experience with such cases, charged a $5,000 initial fee, refused to refund a $2,000 partial payment after being discharged, and attempted to charge an additional $3,100 despite having done no substantial work on the case.

Client 2 paid Respondent $750 to represent her in an unemployment compensation matter and to enforce a child support order against her former husband. Respondent took no action in the unemployment compensation matter. Without Client 2's consent, Respondent settled her child support claim for $200, even though Client 2 believed the arrearage was over $1000. Client 2's former husband paid nothing. When Client 2 terminated Respondent and requested a refund of the $750 fee, Respondent did not refund the fee.

Client 3 retained Respondent to represent her in child custody and dissolution matters. During the representation, Respondent erroneously advised Client 3 she must pay the costs to have her husband transported from jail to court. Respondent terminated the representation with a letter implying Client 3 had an outstanding balance when she in fact had a credit. Respondent failed to withdraw from the child custody and dissolution matters.

Client 4 hired Respondent on a contingent basis to represent her on two claims of employment discrimination against her employer. The agreement was not in writing. Client 4 received two right to sue letters from the Equal Employment Opportunity Commission, which gave notice of deadlines for bringing suit on the claims. Respondent filed suit in federal court after the deadlines for both claims had passed. Respondent failed to respond to the defendant's discovery requests until ordered by the court. Respondent failed to respond to the defendant's summary judgment motion. Summary judgment was entered against Client 4, who was assessed costs of $2,000.

Respondent agreed to represent Client 5 in a murder case in Illinois for an "engagement fee" of $10,000, paid by Client 5's parents. Respondent had not met the client, had never appeared in an Illinois court, and had no experience representing a murder defendant. Without consulting with Client 5, she advised his parents he should surrender to the authorities. She did not appear at Client 5's initial hearing or do anything for him except to advise his parents that he should request a public defender. Respondent refused Client 5's parents' request for a refund. She falsely told the Commission that she had diligently sought *pro hac vice* admission in Illinois.

Respondent is currently suspended for failure to cooperate with the Commission in its investigation of charges against her. *See* <u>Matter of Powell</u>, 49S00-0711-DI-550 (suspended March 18, 2008); <u>Matter of Powell</u>, 49S00-0801-DI-32 (suspended June 18, 2008).

## Discussion

The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1:  Failure to provide competent representation.

1.2(a):  Failure to consult with a client about the means of achieving an objective.

1.2(a):  Failure to abide by a client's decisions concerning the objectives of representation.

1.3:  Failure to act with reasonable diligence and promptness.

1.4(a):  Failure to keep a client reasonably informed about the status of a matter and promptly respond to reasonable requests for information.

1.4(b):  Failure to explain matter to extent reasonably necessary to permit a client to make informed decisions.

1.5(a):  Charging an unreasonable fee.

1.5(c):  Violating the requirement that a contingent fee agreement shall be in a writing

1.7(b)(2):  Representing a client when there is a concurrent conflict of interest due to the lawyer's personal  interests.

1.15(a):  Failure to hold property of clients properly in trust.

1.16(a)(3):  Failure to withdraw from representation after being discharged.

1.16(a)(3):  Failure to file motion to withdraw after deciding to end representation.

1.16(d):  Failure to refund advance payment of fees and expenses that have not been earned or incurred.

8.1(a): Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.

8.4(b):  Committing the criminal act of conversion.

8.4(c):  Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

In addition, the Court finds that Respondent violated Indiana Admission and Discipline Rule 23(29)(a)(1) by failing to keep clients' funds in a clearly identified trust account.

Finding "[t]he magnitude of the misconduct presented in the matter . . . hard to fathom," the hearing officer recommended that Respondent be disbarred.  We agree.  According to the

American Bar Association's *Standards for Imposing Lawyer Sanctions* (as amended in 1992), disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client, *see* standard 4.11, when a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client, *see* standard 4.41(c), when a lawyer's course of conduct demonstrates that the lawyer does not understand the most fundamental legal doctrines or procedures, and the lawyer's conduct causes injury or potential injury to a client, *see* standard 4.51, or when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice, *see* standard 5.11(b). Respondent has failed to appear or offer any defense for her misconduct. We have disbarred other attorneys who have demonstrated similar unfitness to be entrusted with the responsibilities of a member of the bar in this state. *See* Matter of Brown, 766 N.E.2d 363 (Ind. 2002); Matter of Shumate, 647 N.E.2d 321 (Ind. 1995).

## Conclusion

In light of Respondent's multiple acts of serious professional misconduct, we conclude that Respondent must be given the strongest sanction available. We therefore disbar Respondent Kimberly O. Powell effective immediately. The Clerk of this Court is ordered to strike her name from the roll of attorneys.

Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.