**In the Matter of Louis W. DENNEY, Respondent.**

**No. 18S00–1104–DI–193.**

Supreme Court of Indiana.

March 5, 2013.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Jeffrey D. Todd, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The Commission's complaint consists of nine counts alleging misconduct occurring from 2003 through 2010. After a hearing that lasted more than two days, the hearing officer filed a 56–page report. The Court adopts by reference the hearing officer's findings of fact regarding the charged misconduct. Briefly summarized, that misconduct includes:

- Neglecting clients' cases, failing to do the work for which he was hired, failing to communicate with clients, failing to inform clients of the status of their cases, failing to inform clients of when

hearings had been set or continued, failing to appear at a hearing, failing to inform clients of their appellate rights, and taking unilateral action in cases without his clients' authorization.

- Charging unreasonable fees and failing to refund unearned fees, sharing fees with a non-lawyer, and failing to withdraw after termination of employment.

- Disobeying court orders to file an accounting and to provide a copy of a client's file to the client, making scandalous and irrelevant accusations against a judge and others in support of a motion for a change of judge, and failing to cooperate with the Commission's investigation into three grievances.

Some of the more egregious counts of misconduct include:

- Count 2: Respondent charged a criminal defendant $20,000, did minimal work, and refused to refund any of the fee, despite telling the Commission that he would refund $3,500 of it.

- Count 5: Respondent was paid $10,000 to represent a college student charged with several crimes, including two felonies. Conviction of a felony would disqualify him from his chosen profession as a special education teacher. Time was of the essence because the client could not take certain required classes until the matter was resolved. After about a year without resolution, the client hired another attorney for $3,500, requested his file, and demanded a refund of his fee. Two months after firing Respondent, the case was resolved by a plea agreement to two misdemeanors. Respondent did minimal work, failed to inform the client of a plea offer, failed to turn over the client's papers to the client, and refused to refund any of the fee.

- Count 7: A client paid Respondent $5,500 to represent him in a pending divorce action. After a partially successful appeal and remand, Respondent failed to inform the client about nearly everything that happened in the case, including hearings; took a number of unilateral actions that affected the division of the marital property without consulting his client, including signing stipulations and filing an accounting; failed to obey a court order to submit a proposed amended decree; and failed to inform the client of court orders to take certain actions.

- Count 9: In a criminal case, Respondent obtained appointment of a special judge, who indicated a disinclination to grant further continuances of the trial. Respondent then filed a motion for change or disqualification of the judge based on personal bias against the client, supported by an affidavit of the client and a purported transcript of recorded conversations between the client and others. The transcript included excerpts of no relevance to the judge's alleged personal bias on such topics as the judge's alleged sexual relationships and the character of his former wife.

The Court finds the following facts in aggravation: (1) Respondent engaged in a pattern of misconduct over a period of years and committed multiple offenses; (2) Respondent obstructed the disciplinary proceedings by intentional failure to cooperate with the Commission's investigation; (3) Respondent has substantial experience in the practice of law and his misconduct was easily avoidable; (4) Respondent has displayed indifference to making restitution or returning unearned fees to his clients; (5) Respondent's misconduct was due in part to a selfish motive; (6) some of Respondent's clients were vulnerable and reliant on Respondent; and (7) Respon-

dent lacks insight into his misconduct and has shown little or no remorse. The Court accepts the hearing officer's findings regarding facts in mitigation.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules[1] prohibiting the following misconduct:

1.2(a): Failure to consult with a client about the means of achieving an objective.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and respond promptly to reasonable requests for information.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.5(a): Making an agreement for, charging, or collecting an unreasonable fee.

1.15(d): Failure to deliver promptly to a client funds the client is entitled to receive and failure to render a full accounting regarding a client's property upon request by the client.

1.16(a)(3): Failure to withdraw from representation after being discharged.

1.16(d): After the termination of representation, failure to protect a client's interests, failure to refund an unearned fee, and failure promptly to return to a client case file materials to which the client is entitled.

3.1: Asserting a position for which there is no non-frivolous basis in law or fact.

3.2: Failure to expedite litigation consistent with the interests of a client.

3.4(c): Knowingly disobeying an obligation under the rules of a tribunal.

4.4(a): Using means in representing a client that have no substantial purpose other than to embarrass, delay, or burden a third person.

5.4(a): Improperly sharing legal fees with a nonlawyer.

8.1(b): Failure to respond in a timely manner to the Commission's demands for information.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than three years, without automatic reinstatement, beginning April 15, 2013.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's re-

---

[1]. This reflect the current numbering of the rules. The content of some of the rules were numbered differently in prior versions in effect during some of the alleged misconduct.

morse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except RUCKER, J., who dissents in part and would impose a one-year suspension without automatic reinstatement, as recommended by the hearing officer; and DAVID, J., who dissents in part and would disbar Respondent.