



FILED

Aug 21 2018, 3:14 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-DI-00094

## In the Matter of
## Michael Jeffries
*Respondent.*

---

Decided: August 21, 2018

Attorney Discipline Action

Hearing Officer Peter C. King

---

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

We find that Respondent, Michael Jeffries, committed attorney misconduct by neglecting clients' cases, maintaining two websites with misleading information, mismanaging his trust account, making false statements to the Indiana Supreme Court Disciplinary Commission, and failing to cooperate in the disciplinary process. For this misconduct, we conclude that Respondent should be suspended for at least three years without automatic reinstatement.

The matter is now before us on the report of the hearing officer appointed by this Court to hear evidence on the Commission's verified disciplinary complaint. Respondent's 2000 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Procedural Background and Facts

The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on February 14, 2018. Respondent was served with the complaint but has not appeared, responded, or otherwise participated in these proceedings. Accordingly, the Commission filed a "Motion for Judgment on the Complaint," and the hearing officer took the facts alleged in the disciplinary complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind. 2000).

**Count 1.** On June 30, 2014, Respondent initiated a lawsuit on behalf of "Client 1," alleging the defendants made false accusations that caused Client 1 to be terminated from his employment. Respondent failed to move the case forward, resulting in the court dismissing the case under Trial Rule 41(E). The court reinstated the case upon Respondent's request for relief.

Thereafter, Respondent failed to file witness and exhibit lists. The court granted the defendants' motion to exclude Client 1 from presenting witnesses and evidence. Based on this order, the defendants moved to dismiss the lawsuit. Respondent then filed a motion to dismiss the case voluntarily. The court dismissed the case, but reinstated it the next day on Client 1's motion, which alleged he had been unable to reach Respondent and that Respondent had dismissed the case without Client 1's knowledge.

At the pretrial conference following reinstatement of the case, Respondent claimed that from the outset Client 1 had agreed to dismiss the case if Respondent determined the defendants had no means to pay any damages. However, Respondent never informed Client 1 of the defendants' financial status or Respondent's intent to dismiss the case. Respondent told the court he was unaware of the order excluding witnesses and exhibits. After giving the parties an opportunity to present argument on whether Client 1 could prosecute his case given his inability to present evidence, the court dismissed the case.

Respondent paid Client 1 $3,000 in exchange for Client 1's agreement not to file a lawsuit or disciplinary action against Respondent. Respondent did not inform Client 1 in writing of his right to seek independent counsel to determine whether the $3,000 transaction was in Client 1's best interest.

**Count 2.** On August 5, 2015, "Clients 2," "Husband" and "Wife," paid Respondent a $1,000 retainer to pursue a breach of contract claim against the previous owner of their home. Respondent failed to provide Clients 2 with updates, and Wife's attempts to contact Respondent were often unsuccessful.

In May 2016, Respondent informed Clients 2 that the $1,000 retainer had been exhausted and there was an outstanding balance. He also requested an additional $700 retainer for future work, which Clients 2 paid.

In September 2016, Respondent represented that he would e-file a complaint. His legal assistant later advised Clients 2 that the office had computer problems and if they paid a filing fee a complaint could be filed

"manually." (HO's Report at 9.) Wife dropped the filing fee off at Respondent's office. However, the clerk did not accept the complaint for filing because Respondent's trust account had insufficient funds to cover the filing fee. The legal assistant next told Wife that she and Husband needed to come into the office to sign the lawsuit so it could be e-filed. The legal assistant set up four appointments for Clients 2 to meet with Respondent, but Respondent failed to attend any of the meetings.

In October 2016, Respondent's legal assistant told Wife that the lawsuit had not been filed and they should hire another attorney. Wife requested a copy of their file. The legal assistant promised to have it ready. Wife went to the office and was reviewing her file when Respondent arrived, grabbed the papers from Wife's hand, and told her that he would mail her the file.

On October 25, 2016, by email, Clients 2 fired Respondent and requested a full refund of $2,580. That afternoon, Respondent replied by email that he would send Wife a copy of their file within ten days and would review the time he spent on the file regarding her refund request. That evening, Respondent sent Wife a second email stating ([sic] throughout):

> My contract allows me 10 business days to return your file and bill.  I am glad I returned to my office as you were taking advantage of my new secretary.
> Good luck in your endouver.  BE AVISED THAT THIS EMAIL NOTICE:  DO NOT RETURN TO MY OFFICE-TREASPASS- DON'T CALL OR EMAIL MY OFFICE HARASSSMENT AND IF I FIND SLANDER OR LIBEL I WILL TAKE APPROPRIATE ACTION!  That includes you your husband or any releative. YOU ARE ON NOTICE!!

(HO's Report at 11.)

Clients 2 never received their complete file or the return of any unearned fees. Respondent contended he was generous in not charging Clients 2 for their numerous calls to his legal assistant.

**Count 3.** Respondent owned two websites on which he advertised that his firm was composed of multiple lawyers, which was not true. Respondent was a solo practitioner. He admitted to the Commission that his websites were in error and claimed his web designer had locked him out of the sites, preventing him from making changes. This was untrue. Respondent had the capacity to modify the websites at all times. He also informed the Commission he had deactivated both websites, but both remained active.

On July 31, 2017, the Commission sent Respondent a subpoena duces tecum requesting a copy of the files for Client 1 and Clients 2. After Respondent failed to respond, the Commission filed a Petition for Rule to Show Cause. We ordered Respondent to respond to the subpoena and the Rule to Show Cause petition. Respondent replied that he intended to comply with the subpoena but needed more time to verify that the files he previously sent to the Commission were complete. Respondent claimed he had sent the Commission a letter by certified mail on August 14, 2017, tracking number 7017 0530 0000 3528 7815, requesting a thirty-day extension. He did not include a green card that would indicate the delivery of certified mail. The tracking number Respondent provided does not exist in the United States Postal Service system. When the Commission sought to have Respondent prove the veracity of his statements, he never responded.

**Count 4.** Respondent has mismanaged his trust account. Checks for $8,269.28 and $500 were presented against insufficient funds on, respectively, December 16, 2013, and May 10, 2016.

Respondent used Square Inc. to allow clients to pay by credit card. On July 25, 2016, a $1,454.85 automated clearing house debit from Square, Inc. was presented against insufficient funds. Respondent admitted to having multiple issues with Square Inc. His continued use of Square Inc. failed to safeguard client funds in the trust account.

On September 9, 2016, the Commission requested from Respondent a schedule of client and non-client funds in his trust account, trust account journals of all receipts and disbursements, client ledgers, and periodic monthly statements. In response, Respondent claimed the motherboard on

his computer "went out," his "billing software was lost," and without his "billing software records, the detailed accounting that was required of [him] was not possible." (HO's Report at 16.)

The Commission subpoenaed Respondent's trust account records from the bank. From 2013 through 2016, Respondent commingled either personal or business funds with the client funds in his trust account. On multiple occasions he withdrew funds from his trust account using online or electronic transfers. In June 2016, he made five improper online or electronic transfers from his trust account to his personal or business checking account. In both July and August 2016, Respondent made at least one online or electronic withdrawal from his trust account and placed the funds in his business or personal checking account. These transfers from the Respondent's trust account were neither wire transfers nor checks made payable to named payees and none were based on written withdrawal authorizations.

# Discussion and Discipline

We concur in the hearing officer's findings of fact and conclude Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failing to act with reasonable diligence and promptness.

1.4(a)(3): Failing to keep a client reasonably informed about the status of a matter.

1.8(a)(2): Entering into a business transaction with a client unless the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction.

1.15(a): Commingling client and attorney funds and failing to safeguard property of a client.

3.2: Failing to expedite litigation consistent with the interests of a client.

7.1: Making a false or misleading communication about the lawyer or the lawyer's services.

8.1(b): Failing to respond in a timely manner to the Commission's legal demand for information.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

In addition, we conclude the Respondent violated the following Indiana Admission and Discipline Rules:[1]

23(29)(a)(2): Failing to maintain and preserve a clear record of the date, amount, source, and explanation for funds held in trust.

23(29)(a)(5): Making withdrawals from a trust account without written withdrawal authorization stating the amount and purpose of the withdrawal and the payee.

The hearing officer cited as aggravating factors Respondent's selfish motive, pattern of misconduct, refusal to cooperate with the Commission, deceptive practices during the disciplinary proceedings, and failure to acknowledge the wrongful nature of his conduct. In mitigation, the hearing officer found Respondent has no prior discipline, with the exception of his current suspension for lack of cooperation related to this disciplinary action. The hearing officer recommended that Respondent be suspended from the practice of law for three years.

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation. *See Matter of Newman*, 958 N.E.2d 792, 800 (Ind. 2011).

---

[1] Admission and Discipline Rule 23 was amended effective January 1, 2017. The citations herein are to the version of Rule 23(29) in effect at the time of Respondent's misconduct.

Respondent's dishonesty and neglect of clients' cases are troubling. He failed both to keep clients informed and to advance their cases. He maintained websites with misleading information. He had multiple violations relating to his trust account. He fabricated a story that he sent a certified letter to the Commission, falsely represented he was locked out of his websites, and failed to cooperate in the Commission's investigation. He has not accepted responsibility for his misconduct and elected not to participate in these proceedings.

Misconduct of a similar nature has resulted in a lengthy suspension or disbarment. *See Matter of Pierce*, 80 N.E.3d 888 (Ind. 2017); *Matter of Denney*, 983 N.E.2d 571 (Ind. 2013); *Matter of Powell*, 893 N.E.2d 729 (Ind. 2008). The Commission has not sought disbarment in this case. The hearing officer recommended that Respondent be suspended for at least three years. We agree with the hearing officer's recommendation. After the suspension period, Respondent may be reinstated only after proving by clear and convincing evidence his remorse, understanding of the standards imposed on members of the bar, and fitness to practice law. *See* Ind. Admission and Discipline Rule 23(18)(b).

## Conclusion

Respondent already is under an order of suspension for failure to cooperate with the Commission's investigation into his misconduct in this case. For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than three years, without automatic reinstatement, effective from the date of this opinion. At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.


NO APPEARANCE FOR THE RESPONDENT


ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Aaron Johnson, Staff Attorney
Rachel B. Gallagher, Staff Attorney