**In the Matter of William S. HILL.**

**No. 98S00–9407–DI–626.**

Supreme Court of Indiana.

Sept. 19, 1995.

No appearance for respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

The respondent, an attorney admitted to the practice of law in this state on October 11, 1977, was charged by the Disciplinary Commission with violating Rule 8.4, subsections (b), (c), and (d),[1] of the *Rules of Professional Conduct for Attorneys at Law.* The charged acts allegedly occurred in Illinois, where the respondent was also admitted to practice law.

This Court appointed a hearing officer pursuant to Ind.Admission and Discipline Rule 23, Section 11, who, following hearing, tendered his findings of fact and conclusions of law. The respondent failed to appear at hearing and neither the Commission nor the respondent has petitioned this Court for review of the hearing officer's report. That being the case, we accept and adopt the hearing officer's factual findings, but reserve final judgment as to misconduct and sanction. *In re Gerde* (1994), Ind., 634 N.E.2d 494.

The Illinois Attorney Registration and Disciplinary Commission (the "Illinois Commission") filed a statement of charges on November 12, 1992, alleging that the respondent converted certain estate funds to his own use. Specifically, the Illinois Commission charged that the Circuit Court of Cook County, Illinois appointed the respondent as an "independent administrator" of an individual's estate on September 4, 1990. Twenty days later, the respondent opened an account for the estate in his capacity as administrator. Between November 9, 1991, and March 3, 1992, he drew checks on the estate account totaling $24,800 without prior court or heir approval. All of the checks were drawn to satisfy the respondent's personal or business obligations unrelated to the estate. On November 12, 1991, the respondent received a $525 money order payable to the estate from an estate debtor. The respondent negotiated the money order to cash and failed to deposit the proceeds into the estate's account.

On January 27, 1993, the Supreme Court of Illinois granted the respondent's motion to strike his name from the roll of attorneys in that state. That motion was predicated, in part, on the respondent's assertion in an accompanying affidavit that

if a hearing were held on the charges set forth in the statement of charges, the evidence would be as stated therein and that the evidence would establish the conclusions of misconduct stated therein.

■ We now find that the respondent violated Ind.Professional Conduct Rule 8.4(b) by committing the criminal act of conversion, which reflects adversely upon his honesty, trustworthiness and fitness as a lawyer in other respects; that he violated Prof.Cond.R. 8.4(c) by converting the estate's funds and thus engaging in conduct involving dishonesty, fraud, deceit and misrepresentation; and that he violated Prof.Cond.R. 8.4(d) in that his conduct was prejudicial to the administration of justice.

■ Now that we have found misconduct, we must assess an appropriate disciplinary sanction. In this analysis, we examine several factors, including the nature of the misconduct, actual or potential injury flowing from the misconduct, the state of mind of the respondent, the duty of this Court to preserve the integrity of the profession, the potential injury to the public in permitting the respondent to continue in the profession,

---

1. Professional Conduct Rule 8.4 provides, in relevant part:
    It is professional misconduct for a lawyer to:
    .    .    .    .    .
    (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice;

.    .    .    .    .

and matters in mitigation, extenuation, or aggravation. *In re Shumate* (1995), Ind., 647 N.E.2d 321.

Misappropriation of client funds is a grave transgression. It demonstrates a conscious desire to accomplish an unlawful act, denotes a lack of virtually all personal characteristics we deem important to law practice, threatens to bring significant misfortune on the unsuspecting client and severely impugns the integrity of the profession. The American Bar Association's *Standards for Imposing Lawyer Sanctions* provide that where an attorney knowingly converts client funds where harm is done to the client, the appropriate sanction is disbarment. *ABA Standards,* Standards 4.1, 5.11. We note further that pursuant to Admis.Disc.R. 23(2)(b), the very fact of suspension or disbarment of an attorney by the proper authorities in another state constitutes sufficient grounds for disbarment or suspension of the attorney in this state.

Based on the above considerations, we conclude that the respondent should be given the most severe disciplinary sanction available to this Court. It is, therefore, ordered that the respondent, William S. Hill, is hereby disbarred. The Clerk of this Court is directed to strike his name from the Roll of Attorneys.

Costs of this proceeding are assessed against the respondent.