In the Matter of Steven J. OUELETTE.

No. 02S00-0507-DI-324.

Supreme Court of Indiana.

Nov. 29, 2006.

## ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** A client in the jewelry business hired the respondent on May 16, 2003, involving a lien priority dispute with a bank. The client and the bank were both creditors of a jewelry store that filed for bankruptcy. Respondent was hired to investigate whether the bank had confiscated collateral that might have belonged to the client. On May 19, 2003, he drafted, but never sent, a preliminary demand letter to the bank. In late June 2003, the client asked for a copy of the draft of the demand letter. Between July 1 and September 22, 2003, the client tried numerous times to contact respondent by leaving telephone messages on voice mail and by sending email messages. Respondent failed to answer any of these messages. The client learned, after reviewing respondent's file, that respondent had never sent a demand letter to the bank, and thereafter filed a grievance against him with the Commission.

On October 2, 2003, the Commission sent the respondent a copy of the grievance along with a letter demanding a written response to it within 20 days. The respondent failed to respond. On December 4,

2003, the Commission served the respondent with a renewed demand for response. Respondent did not reply to that letter. On January 14, 2004, the Disciplinary Commission filed a verified petition to show cause why respondent should not be suspended for failure to cooperate with the disciplinary process. On January 26, 2004, this Court issued to respondent a Show Cause Order as to why his license should not be suspended for failure to cooperate. On February 14, 2004, respondent filed a verified response to the Commission's show cause motion. The Commission thereafter filed, and this Court granted, a motion to dismiss the motion as moot stating that the respondent had made a responsive pleading.

**Violations:** The respondent failed to act with reasonable diligence and promptness in representing his client, violating Ind. Prof. Cond. Rule 1.3; failed to keep his client adequately informed, violating Ind. Prof. Cond. Rule 1.4(a); and failed to make timely responses to the Indiana Supreme Court Disciplinary Commission's request for information, violating Ind. Prof. Cond. Rule 8.1(b).

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of ninety (90) days, effective January 1, 2007, at the conclusion of which the respondent will be automatically reinstated. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent, to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, the Honorable James Rieckhoff, Judge, Elkhart Superior Court, and to all other entities as provided in Admis.Disc.R. 23(3)(d), and to post this Order on the Court's website for orders concerning final resolution of attorney disciplinary cases.

All Justices concur.