In the Matter of Stephen W.
SCHUYLER, Respondent.

No. 48S00–0709–DI–350.

Supreme Court of Indiana.

June 3, 2008.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Beginning in May 2001, Respondent represented the probate estate of E.C. From August 1 through December 31, 2001, Respondent's office manager-paralegal, S.J., wrote nine unauthorized checks totaling $34,000 on the estate's account. When preparing the final account in May 2002, Respondent made no effort to ensure it accurately reflected actual transactions in the estate's account. When the estate's personal representative later discovered the unauthorized checks, Respondent failed to conduct any review. When the Anderson Police Department told Respondent that S.J. was responsible for the unauthorized checks, Respondent continued to employ S.J. until she resigned in May 2003. S.J. eventually pled guilty to Aiding, Inducing or Causing Theft, a class D felony.

There are no facts in aggravation. Facts in mitigation are: (1) Respondent has practiced law for 25 years with no prior discipline; (2) Respondent reimbursed the removed funds to the client;

and (3) Respondent cooperated with law enforcement.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 5.3(b), which prohibits failure to make reasonable efforts to ensure that the conduct of a nonlawyer employee over whom the lawyer has direct supervisory authority is compatible with the professional obligations of the lawyer.

**Discipline:** The parties agree the appropriate sanction is a public reprimand. The Court, having considered the submission of the parties, now approves agreed discipline. For Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur, except DICKSON, J., who dissents, believing the sanction is inadequate.