ATTORNEY FOR THE RESPONDENT
*Pro se*

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Robert D. Shook, Staff Attorney
Indianapolis, Indiana



FILED

Jun 20 2012, 10:59 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 82S00-1111-DI-662

IN THE MATTER OF:

DOUGLAS W. PATTERSON,

*Respondent.*

Attorney Discipline Action
Hearing Officer Wayne S. Trockman

**June 20, 2012**

**Per Curiam.**

We find that Respondent, Douglas W. Patterson, engaged in attorney misconduct by committing three counts of class D felony theft of client funds and by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. For this misconduct, we find that Respondent should be disbarred.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." Respondent's 1989 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4.

## Background

Prior relevant disciplinary actions against Respondent. The Commission filed a verified complaint against Respondent on February 25, 2004, initiating Cause No. 82S00-0402-DI-90. In a per curiam opinion, this Court found that Respondent wrote unauthorized checks totaling $10,500 on the firm's trust account. Respondent made false statements regarding the matter during the Commission's investigation and at the hearing. The Court concluded that Respondent violated these Professional Rules of Conduct prohibiting the following misconduct:

Rule 1.15(a): Failure to hold property of clients properly in trust.
Rule 8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.
Rule 8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

The Court imposed a suspension of at least three years, which is still in effect. *See* Matter of Patterson, 888 N.E.2d 752 (Ind. 2008). On April 30, 2009, this Court entered an order finding Respondent in contempt for practicing law while suspended and imposed a $500 fine. *See* Matter of Patterson, 907 N.E.2d 970 (Ind. 2009).

On January 26, 2011, Respondent was convicted on a guilty plea to three counts of Theft, all class D felonies (the convictions that are the basis of the current action). The Commission filed a "Notice of Guilty Finding and Request for Suspension" on February 21, 2011, initiating Cause No. 82S00-1102-DI-96. The Court entered an order of interim suspension on April 28, 2011, which is still in effect. *See* Matter of Patterson, 945 N.E.2d 705 (Ind. 2011).

The current action. The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on November 14, 2011. Based on Respondent's felony convictions described above, the Commission charged Respondent with violating these Professional Rules of Conduct prohibiting the following misconduct:

Rule 8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

2

Rule 8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

Respondent was served with the complaint and did not respond. Accordingly, the hearing officer took the facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c).

The hearing officer found that Respondent was convicted on a guilty plea to three counts of Theft, all class D felonies. The charges were based on exercising unauthorized control over funds in excess of $17,000 belonging to 24 clients or former clients. The funds included prepaid attorney fees and filing fees. Respondent was sentenced to three years on each count, with one year executed, to be served concurrently.

## Discussion

Neither party filed a petition for review of the hearing officer's report. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000). We concur in the hearing officer's findings of fact and conclude that Respondent violated the Rules of Professional Conduct as charged.

> Misappropriation of client funds is a grave transgression. It demonstrates a conscious desire to accomplish an unlawful act, denotes a lack of virtually all personal characteristics we deem important to law practice, threatens to bring significant misfortune on the unsuspecting client and severely impugns the integrity of the profession.

Matter of Hill, 655 N.E.2d 343, 345 (Ind. 1995).

As to discipline, we frequently look for guidance to the American Bar Association's *Standards for Imposing Lawyer Sanctions* (as amended in 1992) ("Standards"). The Standards provide:

> Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potentially serious injury to a client.

> Disbarment is generally appropriate when a lawyer engages in serious criminal conduct a necessary element of which includes . . . misappropriation, or theft . . . .

> Disbarment is generally appropriate when a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

> Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer . . . and causes serious or potentially serious injury to a client . . . .

Standards 4.11, 5.11(a), 5.11(b), and 7.1. We conclude that each of these Standards applies to the matter before us. We therefore conclude that Respondent's conduct warrants disbarment. *See* Matter of Hill, 655 N.E.2d 343, 345 (Ind. 1995) (converting estate funds warranted disbarment).

The Court already has imposed a three-year suspension on Respondent based in part on the conduct underlying the current case. In addition, there are circumstances in this case that were not present in the prior case: (1) the amount of client funds converted and the number of clients involved are now known to be greater than cited in the prior case; and (2) Respondent's acts have been adjudicated to constitute multiple felonies. These considerations support the Court's decision that disbarment is warranted at this time.

## Conclusion

The Court concludes that Respondent violated Indiana Professional Conduct Rules 8.4(b) and 8.4(c) by committing three counts of class D felony theft of client funds and by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26).

4

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this opinion to the Court's website, and Thomson Reuters is directed to publish a copy of this opinion in the bound volumes of this Court's decisions.

All Justices concur.