In the Matter of Noah HOLCOMB, Jr., Respondent.

No. 45S00–1304–DI–248.

Supreme Court of Indiana.

June 28, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count 1.* In November 2007, Respondent's office operating account was levied by the IRS. From November 2007 through March 2008, Respondent used his attorney trust account as both a trust account and an office operating account. During this period: (1) Respondent made 21 disbursements that were not related to any client but were instead for Respondent's benefit; (2) on five occasions, he disbursed funds to himself without creating or maintaining any records regarding the client to whom the disbursement pertained; (3) on five occasions, he received lump sum payments on behalf of clients but failed to deposit the entire amount into the account; and (4) on five occasions, he disbursed funds from the account in excess to the funds he held for each corresponding client.

*Count 2.* In 1999, Respondent was retained to represent an unsupervised dece-

dent's estate for $150 an hour. Respondent failed to do the following in a timely manner: liquidate stock, redeem fully mature U.S. savings bonds, and pay inheritance taxes—all of which resulted in losses to the estate. Respondent also paid himself about $30,000 from the estate, the vast majority of which he did not earn.

*Aggravating and mitigating facts.* The parties cite the following facts in aggravation: (1) Respondent's misconduct was due to a selfish motive; (2) Respondent committed multiple offenses; (3) Respondent is an experienced lawyer; and (4) Respondent has not made restitution to the victim in Count 2. This office also notes the Respondent received a private reprimand in 1997 in Cause No. 45S00–9706–DI–373. The parties cite the following fact in mitigation: Respondent was cooperative with the Commission.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.5(a): Making an agreement for, charging, or collecting an unreasonable fee.

1.15(a): Commingling client and attorney funds.

1.15(c): Disbursing funds from a trust account for the attorney's personal use.

1.15(d): Failure to deliver promptly to a client funds the client is entitled to receive.

8.4(b): Committing a criminal act (conversion) that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

Ind. Admission and Discipline Rules:

23(29)(a)(2): Failure to create or retain sufficiently complete trust account records.

23(29)(a)(3): Failure to create or retain sufficiently detailed client ledgers.

23(29)(a)(4): Failure to deposit client funds intact and failure to create or retain sufficiently detailed records.

23(29)(a)(5): Disbursing payments from trust account using an internet payment system. (The rule states that withdrawals shall be made only by wire transfer or by check.)

**Discipline:** This Court has disbarred attorneys who committed the type of misconduct to which Respondent has admitted. *See, e.g., Matter of Patterson,* 969 N.E.2d 593 (Ind.2012) (conversion of client funds). The discipline the Court would impose for Respondent's misconduct might have been more severe than proposed by the parties had this matter been submitted without the Commission's agreement. We note, however, that regardless of the date on which Respondent is eligible to petition for reinstatement, reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b). Moreover, the parties agree that restitution should be a condition for Respondent's reinstatement. With this in mind, and in light of the

Commission's assessment that the proposed discipline is sufficient under the circumstances of this case, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than three (3) years, without automatic reinstatement, beginning August 2, 2013.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID and RUSH, JJ. who dissent, believing Respondent should be disbarred.