RESPONDENT PRO SE
Steven J. Ouellette
Fort Wayne, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
John P. Higgins, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court

### No. 02S00-1502-DI-107

IN THE MATTER OF:

STEVEN J. OUELLETTE,

*Respondent.*

Attorney Discipline Action
Hearing Officer William C. Fee

**July 21, 2015**

**Per Curiam.**

We find that Respondent, Steven Ouellette, committed attorney misconduct by converting client funds and failing to cooperate with the disciplinary process. For this misconduct, we conclude that Respondent should be disbarred.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." Respondent's 1981 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

**Procedural Background and Facts**

The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on February 27, 2015. Respondent was served and did not timely file an answer.[1] Accordingly, the Commission filed an "Affidavit and Application for Judgment on the Verified Complaint," and the hearing officer took the facts alleged in the verified complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000).

In January 2005, "Clients" retained Respondent to represent them in their Chapter 13 bankruptcy. In December 2010, the bankruptcy trustee issued a refund check for $8,725.35, payable to Clients. For almost two and one-half years, Respondent did not disclose the existence of this check to Clients. Instead, Respondent fraudulently endorsed and deposited the check into an account that was not his attorney trust account, and thereafter used the proceeds for his own personal purposes. When the trustee's final report (issued in June 2013) revealed the issuance of the refund check, Clients confronted Respondent, and Respondent promised to repay the amount to Clients. Respondent later issued a check in the amount of $8,725.35, drawn on an account other than his attorney trust account, but Clients were unable to negotiate the check due to insufficient funds in the account. When Clients later retained successor counsel, Respondent refused to return Clients' file.

Based on the above events, Clients filed a disciplinary grievance against Respondent in October 2013. Respondent refused to cooperate with the Commission's investigation and

---

[1] Respondent eventually tendered a belated answer at the hearing on the Commission's application for judgment on the complaint, which the hearing officer declined to accept. Given Respondent's refusal to cooperate with the Commission's investigation, his failure to comply with the deadlines imposed under the Admission and Discipline Rules, and his failure to file a petition for review or brief on sanction, we likewise decline to give Respondent's belatedly-tendered answer any effect.

2

demands for information. Respondent has been suspended under a separate cause since August 2014 due to his noncooperation with the Commission.

The hearing officer found the following facts in aggravation: (1) Respondent has been disciplined twice before;[2] (2) Respondent acted with a dishonest and selfish motive; (3) Respondent engaged in a pattern of misconduct; (4) Respondent engaged in multiple offenses; (5) Respondent engaged in bad-faith obstruction of the disciplinary process; (6) Respondent fails to acknowledge any wrongdoing; (7) Respondent has substantial experience in the practice of law; and (8) Respondent has engaged in illegal conduct. The hearing officer found no facts in mitigation and recommended that Respondent be disbarred.

## Discussion

We concur in the hearing officer's findings of fact and conclude that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.15(a): Failure to hold property of clients properly in trust.

8.1(b): Knowingly failing to respond to a lawful demand for information from a disciplinary authority.

8.4(b): Committing a criminal act (conversion) that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

In addition, we conclude that Respondent violated Indiana Admission and Discipline Rule 23(29)(a)(4) by failing to deposit funds received on behalf of clients intact.

---

[2] Matter of Ouellette, 636 N.E.2d 1251 (Ind. 1994) (Respondent suspended for knowingly making false statements of material fact to a tribunal and failing to disclose such facts when disclosure was necessary); Matter of Ouellette, 857 N.E.2d 377 (Ind. 2006) (Respondent suspended for failing to act with reasonable diligence in representing a client, failing to keep the client adequately informed, and failing to timely respond to the Commission's investigation).

3

In recommending disbarment, the hearing officer cited Respondent's conversion of client funds and the absence of any compelling mitigation. *See* American Bar Association's *Standards for Imposing Lawyer Sanctions* 4.11 ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client"). We agree. "Misappropriation of client funds is a grave transgression. It demonstrates a conscious desire to accomplish an unlawful act, denotes a lack of virtually all personal characteristics we deem important to law practice, threatens to bring significant misfortune on the unsuspecting client and severely impugns the integrity of the profession." Matter of Hill, 655 N.E.2d 343, 345 (Ind. 1995). Respondent has not filed a brief urging a different sanction, and we have disbarred other attorneys who have demonstrated similar unfitness to be entrusted with the responsibilities that accompany a license to practice law in this state. *See* id.; *see also* Matter of Brown, 766 N.E.2d 363 (Ind. 2002); Matter of Shumate, 647 N.E.2d 321 (Ind. 1995).

### Conclusion

Respondent already is under indefinite suspension for failure to cooperate with the Commission's investigation. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

All Justices concur.