NO APPEARANCE FOR THE RESPONDENT

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
David E. Griffith, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 02S00-1607-DI-389



FILED

Mar 07 2017, 10:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE MATTER OF:

DONALD E. JAMES,

*Respondent.*

Attorney Discipline Action
Hearing Officer John D. Ulmer

**March 7, 2017**

**Per Curiam.**

We find that Respondent, Donald James, committed attorney misconduct by mismanaging his trust account, converting client funds, and failing to cooperate with the disciplinary process. For this misconduct, we conclude that Respondent should be disbarred.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." Respondent's 1985 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Procedural Background and Facts

The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on July 20, 2016. After service by certified mail at the two Fort Wayne addresses listed for Respondent on the Roll of Attorneys was unsuccessful, constructive service was made upon the Clerk as Respondent's agent pursuant to Admission and Discipline Rule 23(12)(h) (2016). Respondent has not appeared or responded in these proceedings. Accordingly, the Commission filed an "Application for Judgment on the Complaint," and the hearing officer took the facts alleged in the verified complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000).

During 2015 Respondent significantly overdrew his attorney trust account on three occasions, regularly commingled personal funds with client funds, made unauthorized cash and check withdrawals from the trust account for his own personal purposes, and failed to maintain adequate trust account records. Respondent also invaded client funds, which resulted in the overdrafts. Respondent largely failed to cooperate with the Commission's investigation and has failed to participate in these disciplinary proceedings.

The hearing officer cited as aggravating factors Respondent's dishonest and selfish motive, his pattern of misconduct comprising multiple offenses, the criminal nature of some of his misconduct, his deceptive practices during the Commission's investigation, and his refusal to acknowledge the wrongfulness of his actions. The hearing officer recommended that Respondent be disbarred.

## Discussion

We concur in the hearing officer's findings of fact and conclude that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.15(a):  Failing to create or maintain complete records of client trust account funds, and commingling client and attorney funds.

8.1(b):  Failing to respond in a timely manner to the Commission's demands for information.

8.4(b):  Committing a criminal act (conversion) that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c):  Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

In addition, we conclude that Respondent violated the following Indiana Admission and Discipline Rules:[1]

23(29)(a)(2):  Failing to create or preserve trust account records for at least five years after disposition of matters.

23(29)(a)(3):  Failing to create, maintain, or retain accurate client ledgers for trust accounts.

23(29)(a)(4):  Commingling client funds with other funds of the attorney and failing to create or retain sufficiently detailed records.[2]

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation.  *See* Matter of Newman, 958 N.E.2d 792, 800 (Ind. 2011).  This analysis informed

---

[1] Admission and Discipline Rule 23 was amended effective January 1, 2017.  The citations herein are to the version of Rule 23(29) in effect at the time of Respondent's misconduct.

[2] The verified complaint and the hearing officer's report both cite Rule 23(29)(a)(5), but the particular conduct cited as a basis for the violation is encompassed within Rule 23(29)(a)(4).  This discrepancy does not affect our analysis, particularly since the undisputed facts of this case reflect violations of both rules.

the hearing officer's recommendation that Respondent be disbarred and leads us to conclude the same. "Few other acts of misconduct impugn the integrity of the Bar or place the public more at risk than the misuse of client funds." Matter of Frosch, 643 N.E.2d 902, 904 (Ind. 1994). Respondent has not participated in these proceedings or filed a brief urging a different sanction, and we have disbarred other attorneys who have demonstrated similar unfitness to be entrusted with the responsibilities that accompany a license to practice law in this state. *See* id.; *see also* Matter of Johnson, 53 N.E.3d 1177 (Ind. 2016); Matter of Ouellette, 37 N.E.3d 490 (Ind. 2015); Matter of Hill, 655 N.E.2d 343 (Ind. 1995).

## Conclusion

Respondent already is under suspension in two other cases for failure to cooperate with the Commission's investigations. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

All Justices concur.