NO APPEARANCE FOR THE RESPONDENT

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Rachel B. Gallagher, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court

FILED
08/31/2017, 11:48 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 61S00-1703-DI-153

IN THE MATTER OF:

JOHN DOWNEY PIERCE,

*Respondent.*

Attorney Discipline Action
Hearing Officer John A. Rader

**August 31, 2017**

**Per Curiam.**

We find that Respondent, John Downey Pierce, committed attorney misconduct by, among other things, mismanaging his trust account, converting client funds, disobeying a court order, and failing to cooperate with the disciplinary process. For this misconduct, we conclude that Respondent should be disbarred.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's verified "Disciplinary Complaint." Respondent's 1999 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Procedural Background and Facts

The Commission filed a "Disciplinary Complaint" against Respondent on March 17, 2017. Respondent was served with the complaint but has not appeared, responded, or otherwise participated in these proceedings. Accordingly, the Commission filed a "Motion for Judgment on the Disciplinary Complaint," and the hearing officer took the facts alleged in the disciplinary complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000).

Count 1. In September 2015, Respondent commingled personal and client funds in his trust account and wrote three checks from his trust account for personal expenses, which resulted in an overdraft. The Commission began investigating and requested client ledgers. Respondent kept insufficient client ledgers, and the documents he eventually produced for the Commission were false and failed to reflect the source of all funds deposited into the account or sequences of transactions affecting the respective clients.

Count 2. On April 5, 2016, Respondent failed to appear in court for his clients' uncontested adoption hearing. The judge admonished Respondent and ordered him to complete the required paperwork for his clients, which Respondent assured the judge he would do. When Respondent failed to complete the paperwork, the judge scheduled a show cause hearing for May 5. Respondent appeared at that hearing, which then was continued to May 18 to give Respondent time to comply with the court's orders. Respondent did not appear at the May 18 hearing, but filed a motion to continue that morning, which was denied. The judge filed a grievance with the Commission, and in his response to the grievance Respondent admitted the judge's assertions were accurate.

Count 3. In July 2016, the Commission demanded a response from Respondent with respect to another grievance. Respondent failed to respond, leading to the initiation of show cause proceedings.[1]

The hearing officer cited as aggravating factors Respondent's disciplinary history, his dishonest and selfish motive, his pattern of misconduct comprising multiple offenses, the criminal nature of some of his misconduct, his deceptive practices during the Commission's investigation, his substantial experience in the practice of law, and his failure to acknowledge the wrongfulness of his actions.

**Discussion**

We concur in the hearing officer's findings of fact and conclude that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3:  Failing to act with reasonable diligence and promptness.

1.15(a):  Failing to create or maintain complete records of client trust account funds, and commingling client and attorney funds.

3.2:  Failing to expedite litigation consistent with the interests of a client

3.4(c):  Knowingly disobeying a court order and an obligation under the rules or an order of a court

8.1(a):  Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.[2]

8.1(b):  Failing to respond in a timely manner to the Commission's demands for information.

---

[1] All told, Respondent was the subject of five different show cause proceedings initiated in 2016, the latter three of which resulted in noncooperation suspensions. Following Respondent's continued noncooperation, his suspension in Case No. 61S00-1608-DI-441 was converted to an indefinite suspension, which remains in effect.

[2] In Count 1 the hearing officer's report cites Rule 8.1(b), but the conduct described as a basis for the violation in that count is encompassed by Rule 8.1(a).

8.4(a) and (b):  Committing a criminal act (conversion or attempted conversion) that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c):  Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

8.4(d):  Engaging in conduct prejudicial to the administration of justice.

In addition, we conclude that Respondent violated the following Indiana Admission and Discipline Rules:[3]

23(29)(a)(3):  Failing to create, maintain, or retain accurate client ledgers for trust accounts.

23(29)(a)(4):  Commingling client funds with other funds of the attorney and failing to create or retain sufficiently detailed records.

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation.  *See* Matter of James, 70 N.E.3d 346, 348 (Ind. 2017).

Respondent's misconduct involved dishonesty, disregard of court orders, and conversion of client funds, all serious transgressions.  Further, Respondent progressively absented himself from the multiple show cause proceedings against him and has wholly failed to participate in these disciplinary proceedings.  We have disbarred other attorneys who have demonstrated similar unfitness to be entrusted with the responsibilities that accompany a license to practice law in this state.  *See, e.g.*, id. at 349; Matter of Ouellette, 37 N.E.3d 490 (Ind. 2015).  We acknowledge that Respondent may not have stolen as much money as some other disbarred attorneys, or been as pervasively dishonest or neglectful, but this offers faint praise.  The nature of Respondent's misconduct, coupled with his serial noncooperation and his failure to participate in these proceedings, persuade us that disbarment is the appropriate sanction here as well.

---

[3] Admission and Discipline Rule 23 was amended effective January 1, 2017.  The citations herein are to the version of Rule 23(29) in effect at the time of Respondent's misconduct.

**Conclusion**

Respondent already is under indefinite suspension for failure to cooperate with the Commission's investigations. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

Rush, C.J, and David and Goff, JJ., concur.

Massa and Slaughter, JJ., concur in the findings, dissent from the sanction, and would impose a three-year suspension without automatic reinstatement.