


FILED

May 22 2018, 2:53 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-DI-184

## In the Matter of
## Stephen W. Schuyler
*Respondent.*

Decided: May 22, 2018

Attorney Discipline Action

**Per Curiam Opinion**

All Justices concur.

**Per Curiam.**

We find that Respondent, Stephen Schuyler, engaged in attorney misconduct by stealing hundreds of thousands of dollars from six supervised estates, failing to comply with court orders, and failing to cooperate with the disciplinary process. For this misconduct, we conclude that Respondent should be disbarred.

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline. Respondent's 1982 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4. The Court approves the agreement and proposed discipline.

## Stipulated Facts

Respondent currently is suspended indefinitely from the practice of law due to his noncooperation with the Commission's investigation into the conduct described below. Matter of Schuyler, 54 N.E.3d 344 (Ind. 2016). Respondent also currently is under an interim suspension due to his felony conviction arising from the conduct described below. Matter of Schuyler, 82 N.E.3d 878 (Ind. 2017).

Respondent served as either the personal representative, or counsel for the personal representative, in six supervised estates opened for probate in Madison County. Over the course of several years, Respondent stole at least $550,000 from the six estates. As a result, Respondent was criminally charged with fifteen felony counts: (1) eight counts of theft as Class C, Class D, or Level 6 felonies; (2) five counts of check deception as Level 5 or Level 6 felonies; and (3) two counts of corrupt business influence as Class C or Level 5 felonies. Respondent pled guilty as charged and, in June 2017, Respondent was sentenced in accordance with the plea agreement to concurrent terms of incarceration totaling eight years and ordered to pay restitution.

In the estate case that prompted the initial disciplinary grievance filed with the Commission, Respondent failed to comply with court orders for accounting and to distribute assets, and he failed to appear at multiple hearings despite being ordered to do so, resulting in the issuance of a bench warrant for Respondent's arrest. After this warrant was issued, Respondent tendered a check to the sole residual beneficiary of the estate in the amount ordered by the court to be distributed, but the check was dishonored due to insufficient funds. The court set the matter for another hearing, which Respondent again failed to attend. The court then removed Respondent as the estate's administrator and appointed a successor administrator. An accounting done by the successor administrator revealed that Respondent had made unauthorized payments from the estate to himself totaling approximately $164,000.

The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

> 3.4(c): Knowingly disobeying a court order.

> 8.1(b): Knowingly failing to respond to a lawful demand for information from a disciplinary authority.

> 8.4(b): Committing criminal acts that reflect adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

> 8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

The parties cite numerous facts in aggravation, including among other things that Respondent engaged in a pattern of misconduct that was illegal in nature, his victims were vulnerable, and Respondent has prior

discipline. *See Matter of Schuyler*, 894 N.E.2d 543 (Ind. 2008).[1] The parties cite Respondent's acceptance of responsibility in the criminal and disciplinary actions, and the imposition of criminal penalties for his conduct, as facts in mitigation.

# Discussion and Discipline

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation. *See Matter of Newman*, 958 N.E.2d 792, 800 (Ind. 2011).

These considerations point in a single direction here, and the parties' conditional agreement appropriately proposes that Respondent be disbarred. "Misappropriation of client funds is a grave transgression. It demonstrates a conscious desire to accomplish an unlawful act, denotes a lack of virtually all personal characteristics we deem important to law practice, threatens to bring significant misfortune on the unsuspecting client and severely impugns the integrity of the profession." *Matter of Hill*, 655 N.E.2d 343, 345 (Ind. 1995). We have consistently disbarred attorneys

---

[1] We find it particularly troubling that Respondent's prior discipline also involved the theft of funds from a probate estate:

> Beginning in May 2001, Respondent represented the probate estate of E.C. From August 1 through December 31, 2001, Respondent's office manager-paralegal, S.J., wrote nine unauthorized checks totaling $34,000 on the estate's account. When preparing the final account in May 2002, Respondent made no effort to ensure it accurately reflected actual transactions in the estate's account. When the estate's personal representative later discovered the unauthorized checks, Respondent failed to conduct any review. When the Anderson Police Department told Respondent that S.J. was responsible for the unauthorized checks, Respondent continued to employ S.J. until she resigned in May 2003. S.J. eventually pled guilty to Aiding, Inducing or Causing Theft, a class D felony.

*Id.* at 543. Respondent's lackadaisical supervision and remediation of his paralegal's conduct take on a new light when viewed through the lens of his current misconduct.

who have committed similar misconduct. *See, e.g., id.; Matter of Durham*, 55 N.E.3d 302 (Ind. 2016); *Matter of Steele,* 45 N.E.3d 777 (Ind. 2015); *Matter of Stochel*, 34 N.E.3d 1207 (Ind. 2015). We unhesitatingly do so here as well.

# Conclusion

Respondent already is under orders of indefinite and interim suspension. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state, effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent.

All Justices concur.

RESPONDENT PRO SE
Stephen W. Schuyler
Pendleton, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
David E. Griffith, Staff Attorney
Indianapolis, Indiana