



FILED

Dec 28 2018, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N  T H E

# Indiana Supreme Court

Supreme Court Case No. 18S-DI-102

## In the Matter of
## Kirmille D. Lewis,
*Respondent.*

---

Decided: December 28, 2018

Attorney Discipline Action

Hearing Officer Lloyd H. Milliken, Jr.

---

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

We find that Respondent, Kirmille Lewis, committed attorney misconduct by, among other things, converting client funds, neglecting clients' cases, and engaging in a pattern of dishonesty. For this misconduct, we conclude that Respondent should be disbarred.

The matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Disciplinary Complaint." Respondent's 2009 admission to this state's bar subjects her to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Procedural Background and Facts

The Commission filed a six-count disciplinary complaint on June 12, 2018, and we appointed a hearing officer. After unsuccessful attempts to serve Respondent by certified mail at her business address and two other addresses associated with Respondent, constructive service was made upon the Clerk as Respondent's agent pursuant to Admission and Discipline Rule 23(23.1)(c). Respondent has not appeared or responded in these proceedings. Accordingly, the Commission filed a "Motion for Judgment on the Complaint," and the hearing officer took the facts alleged in the disciplinary complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind. 2000).

**Count 1**. Respondent represented "Client 1" in bankruptcy proceedings. Client 1's case eventually was dismissed due to failure to make plan payments. Respondent had withdrawn the necessary funds from Client 1's account, but rather than forwarding those funds to the bankruptcy trustee, Respondent instead used the funds for her own personal benefit or for the benefit of other clients. Respondent failed to

provide a court-ordered accounting. Respondent issued a personal check to the court to cover the funds she had converted from Client 1, but that check was rejected for insufficient funds. When Respondent failed to appear for a subsequent hearing, the U.S. Marshal's office seized Respondent and brought her to court. Respondent provided conflicting statements to the court regarding the whereabouts of Client 1's funds and falsely told the court that she could not reach Client 1 and that Client 1 had failed to provide her with the trustee payments.

**Count 2**. Respondent represented "Client 2" in bankruptcy proceedings. Client 2's home had been sold at a tax sale for non-payment of real estate taxes. The bankruptcy was filed during the redemption period and the plan required Client 2 to make payments to the trustee to cover the cost of real estate taxes. Respondent inaccurately told Client 2 that she did not need to begin making those payments until ordered to do so by the court, which resulted in Client 2's plan payments being in default from the outset of the case. Respondent also failed to prepare a new wage assignment after Client 2 notified her that Client 2 had changed jobs. Client 2's case soon was pending dismissal due to the default on plan payments. Respondent filed a motion to modify the plan but failed to appear at a hearing scheduled on the motion. The court rescheduled the hearing, but Respondent then withdrew the modification motion and the bankruptcy case was dismissed. Respondent later falsely told Client 2 the case was still pending and demanded an additional attorney fee. By the time Client 2 learned of the dismissal, the redemption period had expired and Client 2 no longer could save her house through the bankruptcy plan.

**Count 3**. Respondent was hired by "Client 3" to prepare a bankruptcy case. Client 3 paid Respondent $3,000 and provided the financial information necessary to file the case. Respondent took no action on behalf of Client 3. Thereafter, Client 3 sought to contact Respondent for updates on the status of her case but was unable to reach Respondent. Client 3 learned that Respondent was no longer using her listed business address. Client 3 then sought a refund of her fee but was unable to locate Respondent. Client 3 has filed a small claims action against Respondent seeking to recover the unearned fee.

**Count 4**. In her October 2017 attorney registration, Respondent falsely certified to the Clerk that she maintained an IOLTA account at "Bank" and listed a fictitious account. One month later, in November 2017, Respondent falsely informed the bankruptcy court that she had an IOLTA account into which she deposited client funds.

**Count 5**. Respondent failed to respond to requests for information by the Commission during its investigations of grievances filed against Respondent.[1]

**Count 6**. Respondent was hired by "Client 6" to represent him in a bankruptcy case. Client 6 paid Respondent $325 up front and later paid additional funds at Respondent's request. Thereafter, Client 6 had difficulty contacting Respondent, and Respondent failed to appear at several scheduled appointments. On December 14, 2017, Respondent texted Client 6 and falsely stated his bankruptcy petition had been filed. After several other failed communications, Respondent provided Client 6 with a bankruptcy petition that misspelled Client 6's name and included other incorrect information. Client 6 then attempted to fire Respondent but was unable to contact her.

Respondent has been under an order of emergency interim suspension in this matter since March 22, 2018. *Matter of Lewis*, 93 N.E.3d 743 (Ind. 2018). Respondent also currently is suspended in two other cases for failing to cooperate with the Commission's investigations and is administratively suspended for noncompliance with continuing legal education requirements.

---

[1] Unlike the other counts alleged in the disciplinary complaint, Count 5 did not include citation to any rule allegedly violated by the charged conduct, and the hearing officer's entry of judgment on the complaint likewise does not include any finding of a rule violation in connection with Count 5. We note that noncooperation with an investigation by the Commission is encompassed within Professional Conduct Rule 8.1(b), which in relevant part proscribes "knowingly fail[ing] to respond to a lawful demand for information from an admissions or disciplinary authority . . . ." Nonetheless, we find no rule violation with respect to Count 5 because none was charged.

# Discussion

We concur in the hearing officer's findings of fact and conclude that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failing to provide competent representation.

1.3: Failing to act with reasonable diligence and promptness.

1.4(a)(3): Failing to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failing to comply promptly with a client's reasonable requests for information.

1.5(a): Making an agreement for, charging, or collecting an unreasonable fee.

1.16(d): Failing to refund an unearned fee upon termination of representation.

3.3(a)(1):  Knowingly making a false statement of fact to a tribunal.

3.4(c):  Knowingly disobeying a court order.

8.4(b):  Committing a criminal act (conversion) that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c):  Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

8.4(d):  Engaging in conduct prejudicial to the administration of justice.

We additionally conclude that Respondent violated her obligation under Admission and Discipline Rule 2 by submitting a false IOLTA certification to the Clerk. We turn now to the question of an appropriate sanction.

"In exercising our disciplinary authority, we have an obligation to protect the public and the profession from the tactics of unscrupulous

lawyers." *Matter of Johnson*, 53 N.E.3d 1177, 1180 (Ind. 2016). Respondent stole clients' funds, neglected clients' cases, and disregarded court orders, all serious transgressions. *See Matter of Pierce*, 80 N.E.3d 888, 890 (Ind. 2017). Respondent's misconduct also involved pervasive dishonesty toward clients and the bankruptcy court, and Respondent falsified her attorney registration with the Clerk of this Court. Further, Respondent has evaded numerous attempts by clients to contact her, and she has failed to accept service or participate in these disciplinary proceedings. The seriousness and scope of Respondent's misconduct, and her failure to participate in these proceedings, persuade us that Respondent should be disbarred.

## Conclusion

Respondent already is under orders of administrative, noncooperation, and interim suspension. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state, effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

All Justices concur.

NO APPEARANCE FOR THE RESPONDENT

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Seth T. Pruden, Staff Attorney