

# IN THE
# Indiana Supreme Court

Supreme Court Case No. 19S-DI-628

## In the Matter of
## Scott J. Lennox,
*Respondent.*



**FILED**

May 06 2020, 10:21 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

Decided: May 6, 2020

Attorney Discipline Action

Hearing Officer David J. Hensel

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

We find that Respondent, Scott Lennox, committed attorney misconduct by neglecting client matters, mismanaging his attorney trust accounts, converting client funds, and failing to cooperate with the disciplinary process. For this misconduct, we conclude that Respondent should be disbarred.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Disciplinary Complaint." Respondent's 1996 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

# Procedural Background and Facts

The Commission filed its disciplinary complaint against Respondent on November 26, 2019. Respondent was served but has not appeared or responded in these proceedings. Accordingly, the Commission filed a "Motion for Judgment on the Complaint," and the hearing officer took the facts alleged in the complaint as true.

No petition for review of the hearing officer's report has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind. 2000).

Respondent failed to maintain appropriate records for two trust accounts and made several unauthorized withdrawals of client funds, converting those funds for his personal use. Respondent also made several unauthorized withdrawals and converted client funds from a third trust

account. In April 2019, Respondent was charged with several felonies as a result of his misuse of client funds.[1]

Respondent also wholly neglected three client matters, failed to adequately communicate with those clients, and converted funds belonging to those clients.

Finally, Respondent failed to cooperate with the Commission's investigations into his client neglect and financial mismanagement.[2]

# Discussion

We concur in the hearing officer's findings of fact and conclude that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

> 1.3: Failing to act with reasonable diligence and promptness.
>
> 1.4(a)(3): Failing to keep a client reasonably informed about the status of a matter.
>
> 1.4(a)(4): Failing to comply promptly with a client's reasonable requests for information.
>
> 1.15(a): Failing to safeguard property of clients and third parties and failing to maintain and preserve complete records of client trust account funds.
>
> 1.15(c): Failing to deposit into a client trust account legal fees paid in advance.

---

[1] Odyssey case records reflect that subsequent to issuance of the hearing officer's report, Respondent pled guilty to six counts of theft, level 6 felonies, and two counts of fraud on a financial institution, level 5 felonies. *See State v. Lennox*, Case No. 43C01-1904-F5-291.

[2] Respondent currently is under an indefinite suspension from the practice of law for noncooperation. *Matter of Lennox*, 141 N.E.3d 391 (Ind. 2020).

1.16(d): Failing to protect a client's interests upon termination of representation.

8.1(b):  Knowingly failing to respond to a lawful demand for information from a disciplinary authority.

8.4(a): Knowingly violating the Rules of Professional Conduct.

8.4(b): Committing criminal acts that reflect adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

In addition, we conclude that Respondent violated the following Indiana Admission and Discipline Rules:

23(29)(a)(2)–(4) (2016): Failing to create, maintain, and preserve proper records for trust account activities.

23(29)(a)(5) (2016): Making withdrawals from a trust account without written withdrawal authorization stating the amount and purpose of the withdrawal and the payee.

23(29)(a) (2017): Failing to preserve complete records for an attorney trust account.

23(29)(b) (2017): Inability to produce financial records by electronic, photographic, computer, or other media capable of being reduced to printed format.

23(29)(c)(5) (2017): Making cash disbursements from a trust account.

"Misappropriation of client funds is a grave transgression. It demonstrates a conscious desire to accomplish an unlawful act, denotes a lack of virtually all personal characteristics we deem important to law practice, threatens to bring significant misfortune on the unsuspecting client and severely impugns the integrity of the profession." *Matter of Hill*, 655 N.E.2d 343, 345 (Ind. 1995). We have disbarred attorneys who have committed similar misconduct. *See, e.g.*, *Matter of Schuyler*, 97 N.E.3d 618 (Ind. 2018); *Matter of Pierce*, 80 N.E.3d 888 (Ind. 2017); *Matter of James*, 70

N.E.3d 346 (Ind. 2017). The nature of Respondent's misconduct, coupled with his multiple instances of noncooperation and his failure to participate in these proceedings, persuade us that disbarment is the appropriate sanction here as well.

## Conclusion

The Court concludes that Respondent violated the Indiana Rules of Professional Conduct and Admission and Discipline Rules as set forth above. Respondent already is under separate orders of suspension for noncooperation and for continuing legal education noncompliance. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of the proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged with the Court's appreciation.

All Justices concur.


NO APPEARANCE FOR THE RESPONDENT


ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Julie E. Bennett, Staff Attorney
Indianapolis, Indiana